Ernest Dossy YANCY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13307.

United States Court of Appeals
Sixth Circuit.

Feb. 28, 1958.

Ernest Dossy Yancy, pro se.

George E. Woods, Chief Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

STEWART, Circuit Judge.

The appellant was tried and convicted under two counts of an information charging violation of the narcotics laws. 26 U.S.C.A. § 4704; 26 U.S.C.A. § 7237. One count charged the appellant with the unlawful purchase of a quantity of heroin on May 17, 1954; the other charged the unlawful sale of the same heroin on the same date. Upon conviction the appellant was sentenced to a five-year prison term on each count, the sentences to run consecutively.

More than two years later the appellant filed in the sentencing court a motion to vacate or correct sentence under the provisions of 28 U.S.C.A. § 2255. The grounds for the motion were two: that the appellant had not been protected in his Constitutional right of being proceeded against by indictment rather than information, and that the consecutive five-year sentences, amounting to double punishment for the same offense, violated the appellant's Fifth Amendment rights. This appeal is from the district court's denial of the motion, upon findings of fact and conclusions of law.

We deal at the outset with the appellant's contention that the district court should have conducted a hearing on the motion. While one of the grounds for the motion raised a factual issue, it was an issue that was readily determinable by reference to the files and records in the district court, particularly the transcript of the arraignment. The appellant's other claim presented a question

**556**

of law alone. No hearing was necessary under these circumstances. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; cf. Zavada v. United States, 78 S.Ct. 383.

■ Upon the first branch of the motion the district court's order was correct. The record affirmatively shows that the appellant was represented at the arraignment by counsel of his own choosing, who advised the district judge in open court that indictment had been waived. Rule 7(b), F.R.Crim.P. 18 U.S.C.A. The original written waiver, signed by the appellant while represented by counsel, is part of the record on this appeal.

■ Upon the second branch of the motion it was the appellant's claim that the evidence at his trial showed only that he had sold the narcotics in question to a government agent, and that his conviction on the purchasing count was based solely on his possession of the same narcotics which he was convicted of selling. His contention was that under these circumstances two separate consecutive five-year sentences violated his Constitutional right and also exceeded the then statutory five year maximum sentence for first offenders under the Boggs Act, 26 U.S.C.A. § 7237 (1955 ed.). He therefore asked that one of the five-year sentences be set aside.

In denying this branch of the motion the district court did no more than follow an unbroken line of judicial authority. Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Long v. United States, 6 Cir., 1956, 235 F.2d 183; McDade v. United States, 6 Cir., 1953, 206 F.2d 494; Gore v. United States, 1957, 100 U.S.App.D.C. 315, 244 F.2d 763; Harris v. United States, 8 Cir., 1957, 248 F.2d 196, 200; United States v. Brisbane, 3 Cir., 1956, 239 F.2d 859; United States v. Johnson, 7 Cir., 1956, 235 F.2d 159; United States v. Lewis, 2 Cir., 1955, 227 F.2d 524.

Under the weight of these and many similar precedents, there is no choice but to affirm the district court's order. In doing so, however, we note Judge Bazelon's concurring opinion in Gore v. United States, supra, 244 F.2d, at page 766: "If we were approaching afresh the question whether, in such a case, single or cumulative punishment is the legal course, I think we could not so easily conclude that the consecutive sentences here imposed are authorized. 'It would be self-deceptive to claim that only one answer is possible to our problem.' * * * But the question is not one we are at liberty to approach afresh."

As there suggested, it may be that the "same evidence" test, applicable to narcotics offenses under the rule of the Blockburger case, will someday be re-examined by the Supreme Court in the light of its decisions applying the "same transaction" test to other criminal statutes. Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, 73 S.Ct. 227, 97 L. Ed. 260. But that day has not yet come.

The order of the district court is affirmed.