UNITED STATES of America

v.

Tewarner DAILEY, Defendant.

Cr. A. No. 15169.

United States District Court
D. Colorado.

Oct. 15, 1958.

Donald E. Kelley, U. S. Atty., John S. Pfeiffer, Asst. U. S. Atty., Denver, Colo., for the United States.

Robert C. Rhone, Jr., Denver, Colo., for defendant.

KNOUS, Chief Judge.

The above named defendant, proceeding under the provisions of Title 28 U.S.C. § 2255, has moved to vacate the sentence imposed upon him in this Court on the eighteenth day of January, 1957.

The records of this Court disclose that on that date the defendant appeared in person and by his retained counsel and entered a plea of guilty to the single count contained in an indictment filed December 20, 1956, charging him with the transportation and concealment of nar-cotics (heroin) illegally imported, in violation of Title 21 U.S.C.A. § 174.

As grounds for his motion under Section 2255, the defendant alleges in substance that following his arrest he made a statement or confession to local or federal law enforcement officers at a time and under circumstances which, if true, might render such statement or confession inadmissible in evidence against him under the principles announced in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and seeks a hearing on such subject.

The fatal difficulty with defendant's contention is that in the proceeding in which the sentence was imposed no statement or confession whatsoever was ever offered or received in evidence against him. As has been mentioned, sentence was imposed as the result of his voluntary plea of guilty, made in open Court, when he was accompanied by counsel of his choice. Thus, since the files and records in this case conclusively show that the defendant is entitled to no relief, his motion to vacate the sentence is denied.

He also has filed with the motion to vacate, a motion for writ of habeas corpus ad-testification (habeas corpus ad testificandum) designed to secure his presence before this Court on the hearing on his motion to vacate the sentence. Since it has been said that motion states no grounds for relief, there is no occasion to consider defendant's petition for habeas corpus ad testificandum and such petition also must be denied.

Wherefore, it is ordered and adjudged that defendant's motion to vacate the sentence herein and defendant's petition for writ of habeas corpus ad testificandum be, and the same hereby are denied.