STATE OF NEBRASKA, APPELLEE, v. LEE C. CLINGERMAN, APPELLANT.

142 N. W. 2d 765

Filed May 27, 1966. No. 36225.

William G. Blackburn, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

SPENCER, J.

This is a proceeding by Lee C. Clingerman, hereinafter referred to as defendant, invoking the provisions of Laws 1965, c. 145, p. 486, commonly referred to as the post-conviction procedure, to vacate and set aside his conviction and sentence.

On September 29, 1960, defendant, after a trial to a jury, was convicted in the district court for Hall County, Nebraska, of the crime of breaking and entering a motor vehicle. After hearing on November 4, 1960, defendant was sentenced to 15 years in the Nebraska State Penitentiary as an habitual criminal. No appeal was ever perfected from the order overruling defendant's motion for a new trial. Subsequently, and after time for appeal had passed, defendant made several filings in the district court for Hall County, all obviously attempting to secure a review of his conviction.

On July 20, 1964, the United States District Court for the district of Nebraska appointed counsel for defendant for the presentation of matters raised by his petition for a writ of habeas corpus in that court. That petition embraced some of the allegations included herein. After a hearing thereon, defendant's petition for a writ was denied.

The district court issued an order to show cause on defendant's motion, and appointed counsel for him. The

State made a return to the order to show cause, and a hearing was held thereon. On the hearing, each of 11 allegations of defendant's motion was specifically controverted from the record of his trial and conviction. Defendant alleges five assignments of error, which are as follows: "1. The Court erred in finding that the allegations of Defendant in his Amended Motion are not well taken and that the Defendant is entitled to no relief under the terms and provisions of LB 836.

"2. The Court erred in refusal to vacate and set aside the judgment and discharge the prisoner or re-sentence him or grant a new trial, as may appear appropriate.

"3. The Court erred in finding that under the terms and provisions of said Legislative Bill 836 that the previous convictions of the Defendant may not be attacked in this proceeding.

"4. The Court erred in refusing to continue this hearing to permit the taking of the deposition of said Defendant and of an alleged material witness and in refusing to authorize the expenditure of public funds to pay for such depositions.

"5. The Court erred in refusing to allow bond for Defendant pending appeal in this matter."

The first two assignments of error involve the question as to whether defendant's allegations are sufficiently answered by the record itself to show them to be without merit. The allegations are as follows: (1) Petitioner was held incommunicado and repeatedly denied permission to telephone an attorney or his family; (2) petitioner's arrest was made in Merrick County by the sheriff of Hall County and outside the jurisdiction of the Hall County sheriff; (3) petitioner was denied the assistance of counsel despite his requests; (4) the court failed during the trial to advise the petitioner of his procedural rights; (5) one of the petitioner's witnesses was converted into a State's witness; (6) hearsay and other incompetent evidence was admitted by the trial court; (7) the trial court prevented the petitioner from

proving a fact which petitioner sought to prove; (8) the trial court gave weight to a materially incorrect criminal record; (9) improper reference was made to the past criminal record of the petitioner; (10) petitioner was arrested without the jurisdiction of a valid warrant, and was not taken promptly before a magistrate; and (11) petitioner did not have sufficient prior criminal convictions to be deemed an habitual criminal, because said convictions were obtained in violation of petitioner's constitutional rights.

The record clearly indicates that defendant was represented by competent counsel at his preliminary hearing before the justice of the peace, at his arraignment in the district court, and at every stage of his trial, as well as at the hearing on the habitual criminal charge and on the sentencing. Counsel appear of record for the defendant at least within 24 hours of his arrest and no statements, if any were made by defendant, were offered in evidence against him. The record is a sufficient answer to allegations Nos. 1 and 3.

Defendant was arrested under a warrant issued by a justice of the peace in and for Hall County on the 17th day of May 1960, and appeared before such justice of the peace on the 18th day of May 1960, with counsel. The warrant for the arrest of defendant was directed to the sheriff of Hall County, Nebraska, who made the arrest. Under the terms and provisions of section 29-407, R. R. S. 1943, such warrant may be executed by the party therein named within any county in the State of Nebraska. The record itself is a sufficient answer to the second and tenth allegations.

Defendant's fourth allegation is answered by the following from his arraignment in the district court, where he appeared with counsel: " 'Q. This information has been served on you for a period of more than twenty-four hours? A. Yes, sir. (By witness) A. Yes, sir. (By counsel for defendant) Q. Mr. Clingerman, you are represented by counsel here? A. Yes, sir. Q. And

your counsel has explained the charges which the county attorney's office has charged you with? A. Yes, sir. Q. And your counsel has explained the penalty to you? A. Yes, sir. Q. And you have heard the reading of the information, how do you plead, guilty or not guilty? A. Not guilty, sir.' "

The defendant's fifth allegation is that one of his witnesses was converted into a State's witness. If defendant is suggesting the witness was coerced in some manner, the record is devoid of any such indication. The witness, who was a minor under 18 years of age, was at the time of trial confined in the Boys' Training School at Kearney, Nebraska. The transcript shows that this witness was the only witness who testified for the State at the preliminary hearing, which was held more than 4 months before the trial. Further, the name of the witness was endorsed on the complaint and the record indicates that he was fully cross-examined by defendant's counsel.

It should be obvious that defendant's sixth allegation cannot be raised in this proceeding. In any event, we have read the record and can find no ruling which could be considered prejudicially erroneous.

The seventh allegation is that the trial court prevented defendant from proving a fact which defendant sought to prove. He makes no showing to indicate what this might be. From a statement made herein by his counsel, we infer defendant claims he was unable to secure the testimony of one Patrick G. Mullen who would have testified to something in the nature of an alibi, and that Patrick G. Mullen was incarcerated in the Michigan penitentiary. The name of Patrick G. Mullen does not appear any place in the record. Nor is there any indication therein of any attempt to secure testimony which was not produced. Defendant did have three witnesses who accounted for his whereabouts during the critical period in an attempt to establish an alibi. If

Mullen's testimony had been available, it would have been merely cumulative.

The ninth allegation is directed to the fact that defendant was asked if he had ever previously been convicted of a felony, to which he answered, "Yes, I have." This is the only testimony in the record on this point, and the question was strictly in accord with the provisions of section 25-1214, R. R. S. 1943.

The eighth and eleventh allegations refer to defendant's previous criminal convictions. These convictions were specifically described in the amended complaint, and were proved at the hearing on November 4, 1960, by the introduction in evidence of three certified transcripts. One was from the district court of Iowa in and for Marshall County, bearing the seal of the clerk of the district court and showing a conviction for a felony. The other two were certified copies of previous felony convictions in the district court in and for Hall County, Nebraska, certified by the clerk of the district court in and for Hall County. This is strictly in accord with the procedure set out in section 29-2222, R. R. S. 1943, to constitute prima facie evidence of such former judgments and commitments. It is to be noted that section 29-2221, R. R. S. 1943, requires but two previous convictions. Two of the convictions used were in the same court from which defendant was sentenced as a habitual criminal. It is also to be noted that the defendant, in response to questions from the court previous to sentencing, did confirm the fact that he served 3 full years in the Nebraska State Penitentiary on his conviction of April 27, 1953, and on his conviction of May 22, 1956, he served 28 months of a 3-year sentence. This latter conviction was less than 1 month after defendant's release from prison on the previous sentence.

It is apparent to everyone that Laws 1965, c. 145, p. 486, affords a prisoner an opportunity to file a frivolous or false claim for relief. To deal with this situation, the act specifically authorizes the trial court to examine the

files and records to determine whether the prisoner may be entitled to the relief he seeks. In this case, out of an abundance of caution, the trial court issued an order to show cause, and held a hearing. As we view the record made on the motion, we find it conclusively shows that defendant's allegations are without merit.

Defendant's third assignment of error is directed to his contention that he should have been permitted to review all of his previous convictions in this attack on his present conviction and sentence. The only allegation in defendant's motion pertaining to his previous convictions is as follows: "That Petitioner did not have sufficient prior criminal convictions to be deemed a habitual criminal, insomuch as said convictions were obtained in violation of Petitioner's United States Constitutional rights and thus must be deemed invalid and not sufficient to support a finding that the Petitioner is a 'Habitual Criminal.'" It is obvious that this allegation is a mere conclusion, and is insufficient to raise the objection. A mere declaration or self-serving statement by a prisoner that his constitutional rights were violated does not entitle him to a hearing on a motion to vacate his conviction or sentence.

Laws 1965, c. 145, § 1, p. 486, provides in part: "A prisoner in custody under sentence * * * may file a verified motion at any time *in the court which imposed such sentence, stating the grounds relied upon,* and asking the court to vacate or set aside the sentence." (Italics supplied.) This requires the petitioner to allege facts which if proved would constitute an infringement of his constitutional rights.

It is obvious that defendant is attempting to use Laws 1965, c. 145, p. 486, to give him the appeal he failed to take from his last conviction. A motion to set aside a judgment of conviction on a sentence cannot serve the purpose of an appeal to secure a review of the conviction. Our appellate review procedures are adequate and must be used if an appeal is desired. We interpret

Laws 1965, c. 145, p. 486, to be intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. To hold otherwise will be to permit defendants to misuse and abuse a remedy intended to provide relief for those exceptional cases where the rights of a defendant have been ignored or abused.

Defendant's fourth assignment of error concerns the refusal of the trial court to continue the hearing to permit the taking of his deposition, and the refusal to authorize the expenditure of public funds for that purpose. Laws 1965, c. 145, § 1, p. 486, provides in part as follows: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

We have previously suggested that it is evident that the files and records in this instance are sufficient to show that the defendant was entitled to no relief. The most the defendant could do in a deposition would be to dispute the record. Defendant's motion suggests he is at least reckless with the truth. It is hard to understand how anyone under the circumstances could consider the word of a four-time loser rather than the record made while he was represented by competent counsel. On the record herein, the court did not abuse its discretion.

What has been said heretofore obviates any need to discuss defendant's fifth assignment of error.

For the reasons given, the judgment herein is affirmed.

AFFIRMED.