STATE OF NEBRASKA, APPELLEE, v. ROBERT WILLIAM LOS-IEAU, APPELLANT.

144 N. W. 2d 406

Filed July 22, 1966. No. 36240.

Joseph H. Badami, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

BROWER, J.

This is a proceeding under the Post Conviction Act, L.B. 836, Laws 1965, c. 145, p. 486, now sections 29-3001 to 29-3004, R. S. Supp., 1965, enacted by the Legislature

with the emergency clause and approved by the Governor on April 12, 1965.

On August 3, 1945, the defendant, Robert William Losieau, was convicted in the district court for Douglas County of the crime of stealing an automobile and on the following day sentenced to be imprisoned in the State Penitentiary to serve a term of 3 years. The sentence has been served. The conviction thereafter was used as one furnishing a basis for his conviction as a habitual criminal. Defendant seeks to have his conviction for stealing the automobile set aside as a step in effecting a release, or a reduction of his sentence as a habitual criminal which he is presently serving.

On April 6, 1965, the defendant filed a verified motion in the district court for Douglas County to vacate and annul his conviction for stealing the automobile. It alleged defendant was denied counsel when first arrested and during his detention in both the city and county jail, and throughout constant interrogation by police officers and the county attorney during his arraignment, trial, and conviction. It stated the defendant had requested an opportunity to obtain counsel at all such times, but such requests were denied in violation of the Sixth Amendment to the Constitution of the United States. Because of the interrogation he was induced under abuse, threats, and false promises to make incriminating statements. Assistance of counsel was particularly required because defendant had but 5 years of schooling. It stated two codefendants admitted orally and in a written letter to the court that defendant had no knowledge or any part in stealing the automobile which he was charged with stealing. "When petitioner asked to withdraw his plea of guilty, the court refused and sentenced him to a term of three years in the Nebraska State Penitentiary, while petitioner's two co-defendants in this matter, who also had previous criminal records, received a term and sentence of one year. Had an attorney been present, there

is at least a possibility that the court would have been informed of mitigating circumstances."

On the same day he filed a separate application as an indigent for the appointment of an attorney to represent him in this proceeding. The trial court then made an order setting the matter for hearing on April 12, 1965, and appointed counsel to represent him. On April 9, 1965, the defendant filed a motion for an order permitting him to attend in person and testify, and to confer with his counsel.

On July 19, 1965, on application by defendant's counsel, pending motions were withdrawn. On August 23, 1965, defendant filed a motion for advancement which is missing from the files. On that day the trial court ordered that this motion be treated as a renewal of all previous motions which should in their entirety be considered as a proceeding under L.B. 836, Laws 1965. The public defender of Douglas County was again appointed as defendant's counsel. It directed notice be given the county attorney to appear on September 7, 1965, to show cause, if any there be, why a hearing should not be had on defendant's previous motions and applications, and directed a copy of the order be mailed to the defendant.

On September 1, 1965, a petition for a writ of "habeas corpus ad testificandum" to be directed to the warden of the Nebraska Penal and Correctional Complex to enable the petitioner to attend the hearing was filed. This petition contained these allegations: "* * * that under a threat and promise of Douglas County Officials, including a beating by Douglas County Police Officers, he entered a plea of guilty at the City Jail in order to be transferred to the County Jail in order to escape further physical abuse, threats and starvation, and although he requested to withdraw his plea of guilty in * * * court, said request was denied." It alleged the evidence was within the knowledge of the petitioner who was the sole person who could testify thereto. A separate request was then made for compulsory process for the

attendance of two named witnesses to appear at the hearing.

On September 7, 1965, the county attorney and defendant's counsel appeared. It was shown the defendant had completed service of the sentence previously imposed, and on consideration of all the motions and applications the matter was taken under advisement. On September 17, 1965, the court found that all the defendant's motions and applications should be denied, that L.B. 836, Laws 1965, had application only to sentences under which prisoners are in custody at the time of hearing, and that the motion to vacate and annul the conviction failed to state a cause of action. It overruled and denied all the various motions and applications.

From the order denying defendant's several motions and orders, refusing to vacate and set it aside, the defendant has appealed to this court. The defendant assigns error to the trial court in refusing to grant him relief under L.B. 836, Laws 1965, or a hearing thereunder and refusing to vacate and set aside his sentence.

Although the defendant particularly objects to the trial court's ruling that relief could not be granted under L.B. 836, Laws 1965, where the defendant is not presently in custody under sentence thereunder, we do not consider it necessary to decide that question.

The defendant's allegations in his motion to vacate and set aside his conviction, filed April 6, 1965, only allege he was induced by abuse, threats, and false promises to make incriminating statements. No amplification or statement of fact as to what the abuse, threats, or false promises were is set forth. When a motion is made to vacate, set aside, or correct a sentence, the movant must set forth facts and not merely conclusions. State v. Clingerman, *ante* p. 344, 142 N. W. 2d 765; United States v. Trumblay, 256 F. 2d 615, certiorari denied, 358 U. S. 947, 79 S. Ct. 355, 3 L. Ed. 2d 353.

Almost 5 months thereafter in his petition for a writ of habeas corpus ad testificandum to the warden he en-

larged the allegations of abuse suffered by him, stating that because of a threat and promise of Douglas County officials, "including a beating by Douglas County Police Officers, he entered a plea of guilty at the City Jail in order to be transferred to the County Jail in order to escape further physical abuse, threats and starvation." This was not made by way of amendment to his motion, but inasmuch as the journal of the trial court indicates all the motions and applications were considered by it, we will consider it also.

All this is refuted by the record of conviction and sentence which was before the trial court. The journal of the court on August 2, 1945, shows: "Now, on this day, comes the County Attorney on behalf of the State of Nebraska, and the defendant, Robert William Losieau, is brought into Court in the custody of the Sheriff, deputy public defender Ed Hayes representing defendant. Thereupon the said defendant waives the filing of a complaint, preliminary examination, service of a copy of the information heretofore filed herein and the time provided by law before being required to answer thereto, and is, with his assent, arraigned for plea. The information being read to him for plea thereto, the defendant says he is guilty of Stealing Automobile as charged therein.

"Whereupon sentence is deferred and said defendant is remanded to custody of the Sheriff."

The sentence entered on August 3, 1945, recites: "Thereupon said defendant is arraigned for sentence upon his plea of guilty to the charge of Stealing Automobile as heretofore entered herein, and is informed by the Court of the nature of his said plea, of the consequences thereof, and of the penalty attached by law thereto; and, after being thus advised and instructed, the said defendant still adheres to his said plea of guilty and says he desires to stand thereon." The record shows he had counsel who appeared with him in open court when he entered his plea, and that when sentenced, he

was advised of the effect thereof, and being cautioned, he elected to stand on it.

The provisions of L.B. 836, Laws 1965, in its application to the review of convictions for crimes in the state court, resembles in many respects Title 28 U. S. C. A., section 2255, page 563, which applies to such review in courts of the United States. We think some of the decisions of the federal courts with respect to section 2255 are applicable to our own statute. We here set forth those which we deem pertinent to the case before us.

"Alleged extraction of involuntary extrajudicial confession did not entitle defendant to vacating of sentence, where record affirmatively disclosed that alleged confession had played no part in guilty plea or sentence imposed." United States v. Langston, 194 F. Supp. 891.

"Defendant was not entitled to vacation of sentence on the ground that following his arrest he made a confession to enforcement officers which might be inadmissible, where in a proceeding in which sentence was imposed, no statement or confession was received in evidence against the defendant and the sentence was imposed on defendant's voluntary plea of guilty." United States v. Dailey, 171 F. Supp. 744.

A strong inference of invalidity of claims made by a prisoner arises as a result of the prisoner's failure to assert such claims earlier although he had an opportunity to do so. Malone v. United States, 299 F. 2d 254, certiorari denied, 371 U. S. 863, 83 S. Ct. 122, 9 L. Ed. 2d 100.

The competency and qualifications of a long-time member of the district court bar as a lawyer before such court are matters of which the trial court has judicial knowledge and can take judicial notice on a motion to vacate judgment and sentence imposed thereby on a plea of guilty to a criminal offense by one represented by such attorney. Wheatley v. United States, 198 F. 2d 325. This court, having such knowledge, can take judicial notice thereof also.

This court, on appeal, where cases were interwoven and interdependent and where certain aspects of the controversy involved were considered and determined by this court in former proceedings involving a party before it, has examined its own records and taken judicial notice of its own proceedings and judgments in the former action. Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551. In habeas corpus actions, which are akin to post conviction remedies, a court may take judicial notice of its own records in connection with the allegations of the petition or in connection with a previous habeas corpus proceeding. 31 C. J. S., Evidence, § 50(5), p. 1043; State ex rel. Campbell v. Tahash, 261 Minn. 252, 112 N. W. 2d 37. The petition for post conviction relief in the case of State v. Brevet, *ante* p. 616, 144 N. W. 2d 210, recently decided by this court, involved another conviction under which this same defendant had likewise served his sentence and desired to have that conviction set aside also. Although they involved different convictions and sentences, the defendant's object in the two cases was the same, to wit, to secure his release from the sentence as a habitual criminal which he is now serving. In the present case the prisoner alleges he only had 5 years of schooling. We think this court can take notice of our previous opinion setting forth the interrogation by the trial court in the other conviction where he stated he had finished the eighth grade in school and the tenth by studying evenings at home. This court may take judicial notice of inconsistent claims and statements of a defendant in successive post conviction proceedings appealed to it in order to prevent an imposition on the court.

Defendant contends that where, as here, he had alleged absence of counsel at the time of his conviction, he is entitled to a trial on that issue even though the allegation is in direct conflict with the record of the conviction. This is asserted in the present case where the record shows he appeared in court with counsel

known to be of good ability and repute. There are no allegations that connect any misconduct of the officers to whom he attributes the abuse, threats, and violence with the plea of guilty in open court. His claims were delayed and with exception of conclusionary statements were not made for months after filing his original motion to vacate. This complaint as a whole was first asserted years after he had served the sentence resulting in the conviction. His allegation that he pleaded guilty in the city jail is incredible and in any event did not enter into his plea of guilty. In Wallace v. United States, 174 F. 2d 112, certiorari denied, 337 U. S. 947, 69 S. Ct. 1505, 93 L. Ed. 1749, rehearing denied, 338 U. S. 842, 70 S. Ct. 30, 94 L. Ed. 515, the court held that where the record showed the defendant was represented by counsel at the time of his conviction he could not on motion to vacate the sentence offer testimony to contradict the record. Certainly he should not be permitted to do so in the present case. Even though one of the grounds of a motion to vacate a sentence raises a factual issue, where the issue is one that was readily determinable by reference to files and records of the district court, the prisoner was not entitled to hearing on the motion. Yancy v. United States, 252 F. 2d 554, affirmed, 362 U. S. 389, 80 S. Ct. 811, 4 L. Ed. 2d 864; State v. Clingerman, *ante* p. 344, 142 N. W. 2d 765.

Certain allegations of the defendant indicate he seeks to introduce anew evidence with respect to his participation in the crime. The question of the defendant's guilt or innocence is not an issue on a motion to vacate a sentence based upon a plea of guilty. Woodring v. United States, 248 F. 2d 166.

Having examined the records of the trial court, we find no error in its judgment and the same is therefore affirmed.

AFFIRMED.