STATE OF NEBRASKA, APPELLEE, v. JAMES K. NEWMAN, APPELLANT.

150 N. W. 2d 113

Filed April 7, 1967.   No. 36486.

Francis D. Lee and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a proceeding under what is generally referred

to as the Post Conviction Act. James K. Newman was convicted of second degree murder and sentenced to life imprisonment. Subsequent to his conviction, he filed a motion to vacate and set aside such conviction in the district court for Holt County. He criticizes the instructions given at his trial; alleges error in that the court failed to give certain instructions and in the rejection of certain testimony; but appears to rely in this proceeding primarily on an allegation that the county attorney, having originally investigated the case and conducted the preliminary hearing, then found that he would have to be a witness at the trial in the district court, withdrew from the case, and had a special prosecutor appointed. During the course of the trial, the county attorney sat at the prosecutor's table with the special prosecutor. Defendant Newman indicates his belief that the county attorney assisted the special prosecutor by conferring with witnesses and performing other acts outside the courtroom. He does not set forth any facts to verify such statements, but proceeds on the theory that such conduct should be investigated and that if it occurred, such conduct resulted in prejudice to the defendant of such nature as to deprive him of his constitutional right to a fair trial.

Subsequent to his conviction, defendant appealed the case to this court and at that time urged similar objections relating to instructions given and not given, to the rejection of evidence, and to the limited participation of the county attorney in the trial. These matters were all fully considered at the former hearing had in this case. See State v. Newman, 179 Neb. 746, 140 N. W. 2d 406. A motion to set aside a judgment of conviction cannot serve the purpose of an appeal to secure a review of the conviction. See State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765. A defendant who has taken an appeal from his conviction cannot secure a second review of the identical propositions advanced in such appeal by resort to a post conviction procedure.

Regarding the insistence of defendant on an investigation into acts of the county attorney outside the courtroom, outside the presence of the jury, and without its knowledge, it is clear that such acts, if any such occurred, could not, in any manner, have prejudiced the court or the jury and consequently could not have deprived defendant of a fair trial.

The trial court was correct in ruling that the files and records in this case disclosed that there was no basis for or substance to the allegations made in defendant's motion and that he was not entitled to an evidentiary hearing thereon. No error appearing, the judgment of the district court is affirmed.

AFFIRMED.