STATE OF NEBRASKA, APPELLEE, v. LESLIE R. FITZGERALD, APPELLANT.

157 N. W. 2d 415

Filed March 22, 1968. No. 36759.

Norman Krivosha and Rodney P. Cathcart, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a post conviction case (sections 29-3001 to 29-3004, R. S. Supp., 1965), in which petitioner alleges a violation of his constitutional right of appeal. Douglas v. California (1963), 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed.

2d 811; Swenson v. Bosler (1967), 386 U. S. 258, 87 S. Ct. 996, 18 L. Ed. 2d 33; State v. Willams (1967), 181 Neb. 692, 150 N. W. 2d 260. The district court denied an evidentiary hearing. We affirm the judgment.

The petitioner alleges: "That the said Plaintiff was denied his constitutional rights in that he was not afforded the opportunity to appeal said conviction and has been denied the right to appeal said conviction." No facts are alleged to support this conclusion.

A petitioner is required to allege facts, which if proved would constitute an infringement of his constitutional rights. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765. A petitioner is required to set forth facts and not merely conclusions. State v. Losieau, 180 Neb. 671, 144 N. W. 2d 406.

Under the above authorities, a mere denial of the right or opportunity to appeal is clearly an allegation of a legal conclusion only, and affords no basis for post conviction relief. Further the record shows that defendant per se perfected an appeal to this court which was dismissed as being out of time. State v. Fitzgerald, case No. 36426, of the records of this court.

Just how he was denied the right or opportunity to appeal within the prescribed statutory time does not appear nor are any such facts alleged. An evidentiary hearing under such circumstances would be purely speculative, no factual issues could be made, and the State and previous counsel for petitioner would have no opportunity to adequately defend. The situation is akin to a mere allegation of general negligence in a tort action. The judgment of the district court is correct and is affirmed.

AFFIRMED.