William Martin **WILLIAMS, III, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 3607.**

United States District Court
D. Delaware.

Sept. 13, 1968.

William Martin Williams, III, pro se.

## OPINION

LAYTON, District Judge.

Plaintiff, William Martin Williams, III, an inmate at the Lewisburg Penitentiary, has filed a complaint asking that his sentence and the underlying judgment of conviction be vacated and set aside. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 2255. The gravamen of the complaint is that the waiver of prosecution by indictment executed by the Plaintiff at the time of his arraignment on the charges which resulted in the instant conviction and sentence was defective in several regards. First, the Plaintiff contends that the waiver was not made with a full understanding of the nature of the charges and of his rights. Next, he urges that he was not advised of his rights as to the entering of a waiver of prosecution by indictment or the nature of the charge. Lastly, the complaint avers that the arraigning Judge did not determine whether there was a factual basis for accepting the waiver.

Plaintiff was arraigned in open court. He was represented by counsel which he had privately retained prior to the arraignment. The Plaintiff was not in custody at the time of the arraignment. In pertinent part the transcript of the arraignment proceeding reads:

MR. LOWICKI: If it please the Court, the United States moves the arraignment of William Martin Williams, III. Mr. Williams is represented by Mr. Peter Angelos of Baltimore, Maryland, 546 Equitable Building. This is a felony and calls for a waiver of prosecution by indictment.

THE COURT: Very well, Mr. Angelos. Did you explain to your client his rights?

MR. ANGELOS: Yes, your Honor. I have. And we intend to waive prosecution by the Grand Jury.

THE COURT: Very well. Have him sign the waiver.

The waiver signed by Williams is a part of the records of this Court. It reads:

UNITED STATES OF AMERICA v. WILLIAM MARTIN WILLIAMS, III the above named defendant, who is accused of bank robbery in violation of 18 U.S.C., Section 2113(a) and (d), on both November 24, 1964 and June 24, 1965[,] being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the pro-

ceeding may be by information instead of by indictment.

/s/ William Martin Williams

————————————————,

Defendant.

————————————————,

Witness.

/s/ Peter G. Angelos

————————————————,

Counsel for Defendant.

Feb. 18
Date January 5, 1966

After entering a plea of not guilty on all counts, the Plaintiff was tried by a jury and was found guilty on two counts and was acquitted on two others. Plaintiff then appealed his conviction to the Circuit Court, which appeal resulted in an affirmance of the conviction. Nowhere in these proceedings did the Plaintiff complain about the waiver of prosecution by indictment and this despite the fact that the attorney who represented the Plaintiff on appeal was not connected with the arraignment proceedings now under attack.

■ Title 28 U.S.C. § 2255 provides that where the motion and the files and records of the case conclusively show that the Plaintiff is not entitled to relief, the District Court Judge may, in the exercise of his discretion, dispense with a hearing and dismiss the complaint with prejudice. I am of the view that this is such a case.

Here, the records show that the Plaintiff had been sent a copy of the proposed information and had retained Mr. Angelos to represent him before January 12, 1966, the date on which Mr. Angelos requested a continuance of the arraignment scheduled for the 13th of January. It was not until a month later, after a second continuance, that the Plaintiff was arraigned on February 18, 1966. The attorney that he employed was of his own choosing. The Plaintiff had been free on his own recognizance and so, presumably, had ample opportunity fully to discuss the charges [1] and the upcoming proceedings. It stretches credibility beyond all bounds to suppose that the Plaintiff was not aware [2] of what he was signing when he signed the waiver in open court * * * or to believe that he did not understand the explicit announcement made by the Assistant United States Attorney and then the response of his attorney to the court's question, all set out above. Through all this, the Plaintiff remained silent. Throughout the weeks before the trial in April, 1966, the Plaintiff remained silent. And finally, throughout the appeal to the Circuit Court, the Plaintiff remained silent.

Rule 7(b) of the Federal Rules of Criminal Procedure provides that the waiver of prosecution by indictment be made in open court after the defendant has been advised of the charges and of the right to prosecution by indictment. In dealing with Rule 7(b), a trial judge may rely upon the representations of counsel that he has advised his client about his rights and has discussed the nature of the charges with him. Yancy v. United States, 252 F.2d 554 (C.A. 6, 1958).[3] Where the Supreme Court desired more, it made its wishes clear. See Rule 11 F.R.Cr.P.

■ Accordingly, the waiver accepted by the court substantially complied with the requisites of Rule 7(b). Plaintiff's instant contentions do not change this determination. The proceedings adequately made the Plaintiff aware that

1. The importance of the Plaintiff's understanding—as regards any question of ultimate prejudice—is very appreciably lessened where, as here, the Plaintiff entered a plea of not guilty on all counts with the advice of counsel of his own choosing.

2. This is especially so here, where the Plaintiff is a mature man of above-average intelligence as indicated by the report of the doctors at Springfield Medical Center, where the Plaintiff was examined pursuant to 18 U.S.C. § 4208(b).

3. Affirmed by an equally divided court. 362 U.S. 389, 80 S.Ct. 811, 4 L.Ed.2d 864 (1960).

he was waiving his right to indictment by the Grand Jury, and that he was charged with two bank robberies on two different specified occasions. More is not required. Compare Ruffin v. United States, 330 F.2d 159 (C.A. 8, 1964). Further, no considerations of basic fairness or questions of the reliability of the jury verdict are involved. Cf. Bartlett v. United States, 354 F.2d 745 (C.A. 8, 1966), cert. denied 384 U.S. 945, 86 S. Ct. 1471, 16 L.Ed.2d 542 (1966).