STATE OF NEBRASKA, APPELLEE, V. VIRGIL D. RILEY, APPELLANT.

163 N. W. 2d 104

Filed December 6, 1968. No. 36950.

Virgil D. Riley, pro se.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA and GARROTTO, District Judges.

HUBKA, District Judge.

This is a proceeding under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1967.

The defendant Virgil D. Riley, on September 30, 1966, was convicted by a jury of the crime of burglary, the district court for Lancaster County, Nebraska, found the defendant to be a habitual criminal, and on December 8, 1966, sentenced the defendant to the Nebraska Penal and Correctional Complex for a term of 10 years. An appeal was taken by the defendant to the Supreme Court and the judgment and sentence of the district court was affirmed on December 1, 1967. State v. Riley, 182 Neb. 300, 154 N. W. 2d 741. Throughout all of the proceedings the defendant was represented by counsel.

In defendant's motion to annul judgment and vacate sentence, he alleges that during the trial a deputy sheriff

of Lancaster County, Nebraska, testified under oath that he arrested the defendant. Defendant further alleges that he, was not arrested by the deputy sheriff but arrested by the police officers of the Lincoln police department.

The district court found that there was no denial or infringement of the rights of the defendant as to render the judgment and sentence void or voidable under the Constitution of the State of Nebraska or the Constitution of the United States, and that the defendant was entitled to no relief.

Defendant on appeal contends that the testimony of the deputy sheriff was fabricated and incriminating and led the jury to convict the defendant, and that the defendant did not have a fair trial.

A petitioner for post conviction relief is required to allege facts which if proved would constitute an infringement of his constitutional rights. State v. Fitzgerald, 182 Neb. 823, 157 N. W. 2d 415; State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

In a post conviction proceeding petitioner has the burden of establishing a basis for relief. State v. Raue, 182 Neb. 735, 157 N. W. 2d 380; State v. Sagaser, 181 Neb. 329, 148 N. W. 2d 206.

The defendant did not offer any evidence to the court during the trial that the officers of the Lincoln police department arrested the defendant. There is no suggestion from the record that the testimony of the deputy sheriff was substantially incorrect nor does the record indicate or suggest that the deputy sheriff committed perjury.

A motion to set aside a judgment of conviction or a sentence cannot serve the purpose of an appeal to secure a review of the conviction. State v. Newman, 181 Neb. 588, 150 N. W. 2d 113; State v. Clingerman, *supra*.

A motion for a hearing under the Post Conviction Act is not a substitute for an appeal. State v. Erving, 180 Neb. 680, 144 N. W. 2d 424.

The judgment of the trial court is affirmed.

AFFIRMED.