**William Martin WILLIAMS, III, Appellant,**

v.

**UNITED STATES of America.**

No. 17571.

United States Court of Appeals
Third Circuit.

Submitted on Briefs April 8, 1969.

Decided April 30, 1969.

William M. Williams, III, pro se.

Alexander Greenfeld, U. S. Atty., L. Vincent Ramunno, Wilmington, Del. (Norman Levine, Asst. U. S. Atty., on the brief), for appellee.

Before KALODNER, GANEY and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The appellant, William Martin Williams, III, is serving an eight-year prison sentence imposed some three years ago after he was found guilty by a jury on an Information charging him with bank robbery in violation of 18 U.S.C.A. § 2113. He appealed and this Court affirmed his conviction at 383 F. 2d 985, 986 (1967), in a Per Curiam opinion in which we held "that the evidence amply supported the verdict of guilty rendered by the jury and that the trial was free of prejudicial error."

The District Court later dismissed Williams' instant action for the vacation of sentence under 28 U.S.C.A. § 2255 which is premised on the contention that Williams' written waiver of prosecution by indictment and consent to proceed by

Information was not executed with a full understanding of the nature of the charges and of his rights. It must immediately be noted that Williams did not raise the waiver issue on his earlier appeal to this Court.

The record discloses that a copy of the Information was sent by the prosecution to Peter Angelos, Esq., privately retained counsel of Williams, more than a month prior to the latter's arraignment and execution of his "Waiver of Indictment". The latter reads as follows:

> "UNITED STATES OF AMERICA V. WILLIAM MARTIN WILLIAMS, III the above named defendant who is accused of bank robbery in violation of 18 U.S.C., Section 2113(a) & (d), on both November 24, 1964 and June 24, 1965, being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment."

Before the above waiver was signed, the trial court asked Williams' counsel if he had explained to Williams his rights as to indictment and the waiver thereof. Counsel replied, "Yes, Your Honor, I have. And we intend to waive indictment by the Grand Jury." Williams was present in court at the time, but the judge made no inquiry of him personally as to his understanding of the consequences of waiving indictment.

Following the signing of the waiver, Williams pleaded Not Guilty to all counts and demanded jury trial. He was subsequently tried by jury and found guilty as to two counts of the Information and not guilty as to the other two.

In its Opinion, accompanying its Order dismissing Williams' instant action, reported at 289 F.Supp. 730 (D.C. Del.1968), the District Court said (p. 732):

> "It stretches credibility beyond all bounds to suppose that the Plaintiff was not aware of what he was signing when he signed the waiver in open court * * * or to believe that he

did not understand the explicit announcement made by the Assistant United States Attorney and then the response of his attorney to the court's question, all set out above. Through all this, the Plaintiff remained silent. Throughout the weeks before the trial in April, 1966, the Plaintiff remained silent. And finally, throughout the appeal to the Circuit Court, the Plaintiff remained silent."

In footnote 2 of the District Court's Opinion it was further said:

> " * * * the Plaintiff is a mature man of above-average intelligence as indicated by the report of the doctors at Springfield Medical Center, where Plaintiff was examined pursuant to 18 U.S.C. § 4208(b)." 289 F.Supp. 732.

On review of the record we find no error.

The Order of the District Court dismissing the instant action will be affirmed.