James K. NEWMAN, Appellant,

v.

Maurice SIGLER, Warden of the Nebraska Penal and Correctional Complex, Appellee.

No. 19758.

United States Court of Appeals, Eighth Circuit.

March 11, 1970.

Richard L. Goos, Lincoln, Neb., for appellant.

C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee; Clarence A. H. Meyer, Atty. Gen., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal from final order denying petitioner James K. Newman habeas corpus relief from his state conviction of second degree murder. Petitioner's conviction was affirmed on direct appeal, State v. Newman, 179 Neb. 746, 140 N.W.2d 406. Petitioner was denied post-conviction relief by the state trial court. Such action was affirmed. State v. Newman, 181 Neb. 588, 150 N. W.2d 113.

The present habeas corpus petition was filed in the federal district court. Counsel was appointed to represent defendant. An evidentiary hearing was held.

Petitioner urged that his constitutional rights in the state trial court were violated in the following respects:

I. Denial of a fair trial and due process by the action of the county attorney in serving both as prosecutor and as a witness.

II. Denial of equal protection and a fair trial by the giving of an erroneous instruction on manslaughter.

III. Denial of a fair trial by excluding evidence of two witnesses as to the mistreatment of petitioner's son by the deceased officer.

Judge Van Pelt, who tried this case, rejected all of such contentions for reasons set forth in a well-considered unreported memorandum opinion. Upon appeal, petitioner urges that Judge Van Pelt erred in rejecting each of his contentions above set forth. We agree with Judge Van Pelt's determination that petitioner has not established that his constitutional rights were violated at his state trial. We affirm the dismissal.

The facts are fairly set out in the reported decisions of the Nebraska Supreme Court and in Judge Van Pelt's unreported opinion. The issue of the sufficiency of the evidence to support the jury verdict is not before us. Although the evidence is conflicting, there can be no doubt as to the sufficiency of the evidence to support the conviction. We will set out the facts to the extent necessary in our discussion of the issues raised.

## I.

The county attorney on October 8, 1964, after investigating the offense charged and filing the information on which petitioner was tried, advised the court that he was an essential witness for the prosecution and that he desired to withdraw as counsel for the state and requested that a special prosecutor be appointed. Julius D. Cronin, a competent trial attorney, was appointed as special prosecutor and as such he conducted the prosecution.

At the trial, the county attorney as a witness gave testimony important to the state. He testified that the petitioner, after he learned of his son's arrest and prior to his encounter with the arresting officer, had a telephone conversation with him in which he bitterly complained of the arresting officer's mistreatment of his son and his conduct and further informed the county attorney there was talk of lynching the officer and that somebody was going to kill that man. Petitioner objected to the county attorney's testimony upon the ground that the county attorney was assisting the special prosecutor with the prosecution and that it was improper for the county attorney to act as both a prosecutor and a witness. The objection was overruled.

The facts with respect to the county attorney's activities at the trial are undisputed and may be summarized as follows: (1) He sat at the counsel table with the special prosecutor during practically all of the trial. (2) He consulted with the special prosecutor with respect to the selection of the jury and the examination of witnesses and on occasion went to the back of the courtroom to interview a witness and reported back to the special prosecutor. None of the conversations between the county attorney and the special prosecutor were capable of being heard by the jury or any other person. (3) He attended hearings in the chambers but did not engage in the presentation of legal points to the judge. (4) He did not personally examine any witness nor did he make any argument to the jury. (5) He conferred with the special prosecutor during the closing argument.

In rejecting the legal ethics points here made, the Nebraska Supreme Court on petitioner's direct appeal quoted Canon 19 of the Canons of Professional Ethics of the American Bar Association and then stated:

"It should not be ignored that the county attorney, in addition to being a witness for the State, is also an officer of the state. The instant case is not too dissimilar from Frank v. State, 150 Neb. 745, 35 N.W.2d 816, in which we said, relative to the participation of the county attorney: 'The most that could be gleaned from the record now before us was that he sat at the counsel table with the special prosecutor and assisted him in the preparation and details of the trial as any other witness or interested officer of the state would have a right to do. As held in Roberts v. State, supra

(100 Neb. 199, 158 N.W. 930, Ann. Cas.1917E, 1040), that alone would not require reversal if in doing so he conducted himself in a manner consistent with his position as a witness or his interest as an officer of the state.' We are satisfied on the record produced that the county attorney conducted himself in a manner consistent with his position as a witness and his interest as an officer of the state." 140 N.W.2d 406, 410.

Insofar as standards of professional ethics standing in isolation are concerned, the Nebraska Supreme Court is free to establish and interpret the standards to be applied in Nebraska. We observe that the Nebraska Supreme Court in Frank v. State, 150 Neb. 745, 35 N.W.2d 816, holds that a prosecutor who learns that he will be a witness should ordinarily withdraw from active participation in the case and that he should not conduct himself in any manner inconsistent with his position as a witness or his interest as an officer of the state. What constitutes active participation in the prosecution may often present a close question of fact. In our view, a safer course for the prosecutor to follow in situations such as this would be to limit his function to that of being a witness.

■ Nevertheless, petitioner is entitled to no relief unless the county attorney's conduct was such as to violate his federally guaranteed-constitutional right to a fair trial. The county attorney did not examine any witness or argue the case before the jury, or make any oral statements which would create any confusion on the part of the jury as to whether he was speaking in his capacity of prosecutor or witness. The jury in the rural county in which the case was tried from their own knowledge and from the testimony knew of the sixteen-years service as county attorney. The reputation and credibility of the county attorney as a witness was in no way enhanced by his sitting at the counsel table and his limited participation in the prosecution disclosed by the record. Judge Van Pelt properly determined that the activity on the part of the county attorney disclosed by the record did not deprive the defendant of a fair trial.

## II.

Petitioner's contention that the court's instruction on manslaughter was erroneous because of the omission of a comma is without merit. Such contention is adequately answered by the Supreme Court of Nebraska on petitioner's direct appeal at page 411 of 140 N.W.2d and by Judge Van Pelt in his memorandum opinion.

## III.

Lastly, petitioner urges he was deprived of a fair trial and due process by the court's refusal to allow Rita Batenhorst and Eugene Ramm to testify as to abusive treatment which the deceased officer administered to petitioner's son. On this precise issue, the Nebraska Supreme Court on petitioner's direct appeal held:

"If we assume this evidence was admissible, we cannot say its exclusion was prejudicial error, in view of the fact that it had been otherwise elicited, could be considered cumulative, and the defendant was permitted to testify as to what he was told about it and its effect upon him. The admission or rejection of cumulative evidence is ordinarily within the discretion of the trial court, and a ruling thereon will not be held erroneous unless an abuse of such discretion clearly appears. See Edmonds v. State, 163 Neb. 323, 79 N.W.2d 453." 140 N.W.2d 406, 412.

■ Petitioner was permitted to testify fully as to what he had been told about the abusive treatment of his son and its effect upon him. There is substantial evidence in the record of mistreatment of petitioner's son by the deceased officer and petitioner's knowledge of such mistreatment prior to the en-

**1380**

counter with the officer. Upon this issue, Judge Van Pelt concludes:

"This court is of the opinion that the trial court's refusal to admit the testimony of Batenhorst and Ramm concerning the abusive treatment the deceased accorded the petitioner's son was not only not a deprivation of the petitioner's constitutional right to due process of law, but the error, if any, has not been shown to be prejudicial."

We agree.

The judgment dismissing the petition for writ of habeas corpus is affirmed.