Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/09/2024 09:07 AM CST

State of Nebraska, appellee, v.
Ryan L. Yates, appellant.
___ N.W.2d ___

Filed January 2, 2024.    No. A-23-200.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

3. **Appeal and Error.** Alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court.

4. **Postconviction: Constitutional Law: Proof.** The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.

5. ____: ____: ____. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.

Appeal from the District Court for Cass County: Michael A. Smith, Judge. Affirmed.

Ryan L. Yates, pro se.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Ryan L. Yates appeals the order of the Cass County District Court that denied his verified motion for postconviction relief without holding an evidentiary hearing. He claims the court imposed upon him a higher burden of proof than that contained in the governing statute when denying an evidentiary hearing. We affirm.

## BACKGROUND

In October 2019, the State filed charges against Yates for first degree sexual assault of a child. Yates later filed a motion to take depositions. At the hearing on the motion to take depositions, Yates' counsel requested that the court strike the victim, M.P.S., from Yates' motion to take depositions. The district court granted the motion to take depositions of the remaining five people Yates listed.

On August 7, 2020, a jury found Yates guilty of one count of first degree sexual assault of a child. He was sentenced to 20 to 25 years' imprisonment, with a 15-year mandatory minimum, in which good-time credit shall not accrue. Yates appealed, and he was represented by the same counsel at trial and on appeal to this court. This court affirmed Yates' conviction and sentence on September 7, 2021. See *State v. Yates*, No. A-20-838, 2021 WL 4057807 (Neb. App. Sept. 7, 2021) (selected for posting to court website).

In October 2022, Yates filed a petition for postconviction relief. In his petition, he raised nine claims of ineffective assistance of counsel: (1) failure to take the deposition of M.P.S.; (2) failure to effectively cross-examine M.P.S.; (3)

failure to take the deposition of A.P.Y.; (4) failure to take the deposition of N.Y., a witness of the crime who testified against Yates; (5) failure to adequately prepare Yates for trial; (6) failure to object and preserve the record; (7) failure to strike a juror; (8) failure to strike a prosecutor's comment during his cross-examination of Yates; and (9) failure to convey a plea offer.

The district court denied Yates' motion for postconviction relief without an evidentiary hearing. It held that regarding Yates' claims that his trial counsel should have deposed certain witnesses, Yates failed to show that his trial counsel was unaware of the witnesses' prior statements or of facts known to these witnesses; thus, his allegations were speculative and did not include facts, if proved, that would show an infringement of his rights occurred. For Yates' claims about cross-examining M.P.S., failing to strike the prosecutor's comment, and failing to strike the juror, the district court explained that deference is given to trial counsel in determining issues related to trial strategy and that Yates failed to allege any facts that would support a finding of prejudice. Lastly, the district court held that Yates failed to allege that a plea offer was made, which meant his final claim contained a defect sufficient to deny an evidentiary hearing. Yates appeals.

## ASSIGNMENT OF ERROR

Yates assigns that the district court committed plain error by denying him an evidentiary hearing on all of his claims in his petition for postconviction relief.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022).

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

[3] Alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by an appellate court. *State v. Lessley, supra.*

## ANALYSIS

Yates argues on appeal that the district court violated his rights under the Nebraska Postconviction Act, the Nebraska Constitution, and the U.S. Constitution. Yates explains that the district court should have granted him an evidentiary hearing because under Neb. Rev. Stat. § 29-3001 (Reissue 2016), proof of his claims is not a prerequisite for an evidentiary hearing. Yet, the district court denied him an evidentiary hearing because none of his claims, if proved, resulted in a violation of his constitutional rights. He argues as follows:

> The problem is that the district court applied an unconstitutional case law rule/bar that requires a movant to meet all of the requirements needed to get relief, like a new trial—i.e. showing deficiency and prejudice to cause the judgment to be void—and holding that that same standard is required to get an evidentiary hearing, without conducting an evidentiary hearing.

Brief for appellant at 19. He contends that the Nebraska Postconviction Act imposes a lighter burden to obtain an evidentiary hearing, specifically that it contains no language requiring a movant to prove an infringement of his or her constitutional rights as a prerequisite to an evidentiary hearing. Yates' argument is contrary to the purpose of the Nebraska Postconviction Act and the criteria and procedure set forth therein.

Section 29-3001(1) provides that a prisoner in custody can file a postconviction motion for relief on the basis that there was a denial or infringement of his or her rights that would render the judgment void or voidable under the Nebraska or U.S. Constitution. Section 29-3001(2) sets forth the criteria and the procedure by which an evidentiary hearing is granted. It provides in part:

> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto.

Section 29-3001(2) does not require an evidentiary hearing if the court is satisfied that the petitioner is not entitled to relief. Appellate courts give statutory language its plain and ordinary meaning, and will not look beyond the statute to determine legislative intent when the words are plan, direct, and unambiguous. *State v. Goynes, supra*.

Shortly after the Nebraska Postconviction Act was adopted, the Nebraska Supreme Court explained that the purpose of the act is to ensure relief is provided "'in those cases where a miscarriage of justice may have occurred.'" *State v. Robertson*, 294 Neb. 29, 43, 881 N.W.2d 864, 876 (2016), quoting *State v. Clingerman*, 180 Neb. 344, 142 N.W.2d 765 (1966). However, the act is not "'a procedure to secure a routine review for any defendant dissatisfied with his sentence.'" *Id*. Before a court notifies the county attorney and orders an evidentiary hearing, it must first determine whether the motion, files, and records of the case show petitioner's rights were not violated. If they show no violation, then no evidentiary hearing is required. See *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). To hold otherwise would permit defendants to misuse and abuse a remedy intended to provide relief for those exceptional cases where the rights of a defendant have been ignored or abused. *State v. Clingerman, supra*.

Here, Yates' argument misinterprets § 29-3001. Yates contends that "according to § 29-3001(2), once the court causes notice thereof to be served on the county attorney, [y]ou are entitled to relief and, therefore, the court must grant a prompt hearing." Brief for appellant at 22. We reject this argument for two reasons.

First, Yates' argument ignores the first part of § 29-3001(2), which states, "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief . . . ." The mandate to cause notice thereof to be served on the county attorney for an evidentiary hearing is plain and unambiguous. It is triggered only upon the court's finding the petitioner is not precluded from relief, which is the mechanism to distinguish between a dissatisfied defendant and a miscarriage of justice. See, *State v. Lessley, supra*; *State v. Clingerman, supra*. The district court determined that Yates was not entitled to relief because his claims—if proved—would not show a violation of his rights.

Second, a request for the State to respond to a postconviction motion does not trigger a requirement that an evidentiary hearing be granted. See *State v. Robertson, supra*. The Supreme Court observed that nothing in the postconviction statutes precludes a district court from asking the State to respond prior to determining whether an evidentiary hearing is warranted. *Id*.

Through case law, the Supreme Court has provided guidelines for both the courts and litigants in postconviction proceedings. Consistent with the Nebraska Postconviction Act, the Supreme Court has enunciated the following principles.

[4,5] The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). However, the allegations in a motion for postconviction relief must be sufficiently specific for the district

court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id*. An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *Id*. The appellate court does not conduct this review sua sponte, however; as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. *Id*. The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *Id*.

Applying the postconviction statutes and the principles set forth above, we reject Yates' argument that the district court imposed a greater burden of proof on him than required by statute when denying him an evidentiary hearing. The court was first required to determine whether the postconviction motion alleged facts that would support Yates' claim and, if so, whether the files and records affirmatively showed that he was entitled to no relief. The district court's order reveals that is the procedure followed. For example, Yates stated in his postconviction petition that he did not know whether a plea offer had been made by the State, but that counsel would be ineffective for not relaying it, if one had been made. The district court reasoned that the absence of an allegation that a plea offer was actually made ordinarily would be a sufficient defect to deny an evidentiary hearing, and we agree.

See *State v. Seberger*, 284 Neb. 40, 815 N.W.2d 910 (2012) (holding that defendant cannot use postconviction procedure to fish for evidence which he hopes might aid him in obtaining postconviction relief). Thus, Yates' motion, itself, failed to allege facts showing he was entitled to relief; therefore, no evidentiary hearing was required on this claim. This determination does not increase the burden of proof imposed upon him under § 29-3001.

We do not review the merits of Yates' remaining claims made in his petition for postconviction relief, because they are not before this court. On appeal, Yates assigned only one error: The district court plainly erred by denying Yates an evidentiary hearing. As explained above, his argument in support of his assigned error addressed only the degree of proof the district court imposed in denying an evidentiary hearing. Having found no error in the district court's application of the postconviction statutes, and because Yates does not specifically assign or argue the merits of his specific claims, we do not consider them. See *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022) (errors must be specifically assigned and argued to obtain appellate review).

## CONCLUSION

The district court properly denied Yates' petition for postconviction relief without an evidentiary hearing. The district court correctly applied the postconviction criteria and procedure set forth in § 29-3001; thus, we affirm.

AFFIRMED.