Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/01/2016 09:06 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
KEENON A. ROBERTSON, APPELLANT.
___ N.W.2d ___

Filed July 1, 2016.    No. S-15-443.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Right to Counsel: Appeal and Error.** Failure to appoint counsel in a postconviction action is not error in the absence of an abuse of discretion.

3. **Pleadings: Appeal and Error.** A denial of a motion to alter or amend the judgment is reviewed for an abuse of discretion.

4. **Postconviction: Constitutional Law: Proof.** A defendant seeking relief under the Nebraska Postconviction Act must show that his or her conviction was obtained in violation of his or her constitutional rights.

5. **Postconviction: Constitutional Law: Judgments: Proof.** An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable.

6. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.

7. **Postconviction: Effectiveness of Counsel: Proof.** If the petitioner for postconviction relief has not alleged facts which would support a claim

of ineffective assistance of counsel or if the files and records affirmatively show he or she is entitled to no relief, then no evidentiary hearing is necessary.

8. **Speedy Trial: Indictments and Informations.** Every person indicted or informed against for any offense must be brought to trial within 6 months.

9. \_\_\_\_: \_\_\_\_. When a felony is involved, the 6-month speedy trial period commences to run from the date the indictment is returned or the information is filed.

10. **Speedy Trial.** Certain periods of delay are excluded from the speedy trial calculation, including the time between the defendant's assertion of pretrial motions and their final disposition and the period of delay resulting from a continuance granted at the request of the prosecuting attorney if the grounds for the continuance fit under the relevant statutory language.

11. \_\_\_\_. To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded to determine the last day the defendant can be tried.

12. **Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

13. **Postconviction: Appeal and Error.** An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief.

14. **Postconviction: Effectiveness of Counsel: Right to Counsel: Appeal and Error.** An attorney's failure to petition for further review on an issue cannot be grounds for postconviction relief, in that the right to counsel does not extend to discretionary appeals to a state's highest court.

15. **Postconviction.** Nothing in the postconviction statutes prevents a district court from asking the State to respond to a postconviction motion prior to deciding whether an evidentiary hearing is warranted.

16. **Rules of the Supreme Court: Postconviction.** Postconviction proceedings are not governed by the Nebraska Court Rules of Pleading in Civil Cases.

17. **Actions: Rules of the Supreme Court: Postconviction.** Although a postconviction proceeding is civil in nature, it is not an ordinary civil action in the context of either Neb. Ct. R. Pldg. § 6-1101 or Neb. Rev. Stat. § 25-801.01 (Reissue 2008).

18. **Postconviction: Collateral Attack.** Postconviction relief is a special statutory proceeding that permits a collateral attack upon a criminal judgment.

19. **Actions: Pleadings.** Civil actions are controlled by a liberal pleading regime. A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.

20. ____: ____. The rationale for liberal pleading rules in civil actions is that when a party has a valid claim, he or should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.

21. **Postconviction: Pleadings.** Postconviction proceedings have their own pleading requirements.

22. ____: ____. Nebraska's postconviction relief statutes simply do not contemplate the opportunity to amend a pleading after the court determines the pleading is insufficient to necessitate an evidentiary hearing.

23. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.** When the assigned errors in a postconviction motion before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Gerald L. Soucie for appellant.

Keenon A. Robertson, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

STACY, J.

Keenon A. Robertson appeals from the district court's denial of his motion for postconviction relief without an evidentiary hearing and the subsequent denial of his motion to alter or amend the judgment. We affirm.

## I. FACTS

After a jury trial, Robertson was convicted of one count of discharging a firearm at an inhabited house, occupied building, or occupied vehicle and one count of use of a weapon to commit a felony. He was sentenced to a total of 25 to 60 years' imprisonment.

Robertson filed a direct appeal and was appointed different counsel. The Nebraska Court of Appeals affirmed his convictions and sentences.[1] Robertson then filed a verified motion for postconviction relief. In it, he alleged his appellate counsel was ineffective for (1) failing to convince the Court of Appeals that the trial court's failure to give a defense of others instruction was prejudicial, (2) not alleging his trial counsel was ineffective for failing to timely appeal the denial of his pretrial motion for discharge, and (3) not filing a petition for further review after the Court of Appeals concluded his ineffective assistance of trial counsel claim related to juror misconduct was not reviewable on direct appeal.

After directing the State to respond to Robertson's motion, the district court denied postconviction relief without conducting an evidentiary hearing. Robertson then filed a motion to alter or amend the judgment, which the district court ultimately denied. Robertson timely filed this appeal.

## II. ASSIGNMENTS OF ERROR

Robertson assigns, restated and summarized, that (1) his appellate counsel was ineffective for not convincing the Court of Appeals that Robertson was prejudiced by the trial court's failure to give a defense of others instruction, (2) his appellate counsel was ineffective for failing to raise on direct appeal that trial counsel was ineffective for failing to timely appeal from the denial of his motion for absolute discharge, (3) his trial counsel was ineffective for failing to move for a mistrial

---

[1] *State v. Robertson*, No. A-12-204, 2013 WL 599895 (Neb. App. Feb. 19, 2013) (selected for posting to court Web site).

after a juror disclosed he had visited the scene of the crime, (4) the district court erred in denying postconviction relief without giving him an opportunity to amend the pleadings, (5) the district court erred in denying his motion to alter or amend the judgment after denying postconviction relief, and (6) the district court erred in failing to appoint him postconviction counsel.

## III. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[2]

[2] Failure to appoint counsel in a postconviction action is not error in the absence of an abuse of discretion.[3]

[3] A denial of a motion to alter or amend the judgment is reviewed for an abuse of discretion.[4]

## IV. ANALYSIS

### 1. DENIAL OF EVIDENTIARY HEARING

[4-7] A defendant seeking relief under the Nebraska Postconviction Act[5] must show that his or her conviction was obtained in violation of his or her constitutional rights.[6] An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or

---

[2] *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015); *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013).

[3] *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

[4] *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[5] Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014).

[6] See *Cook, supra* note 2.

voidable.[7] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.[8] If the petitioner has not alleged facts which would support a claim of ineffective assistance of counsel or if the files and records affirmatively show he or she is entitled to no relief, then no evidentiary hearing is necessary.[9]

### (a) Lack of Defense of Others Instruction

When this case was on direct appeal, Robertson's counsel assigned and argued that the trial court erred in failing to give a defense of others jury instruction. The Court of Appeals agreed. It reasoned, however, that because the jury rejected Robertson's self-defense claim, the jury necessarily would have rejected a defense of others claim, so the Court of Appeals concluded Robertson could not show he was prejudiced by the failure to give the instruction. In his postconviction motion, Robertson alleged his appellate counsel was ineffective because he failed to "demonstrate the requisite level of outcome-changing prejudice" to the Court of Appeals.

Liberally construed, Robertson's postconviction motion alleges that had appellate counsel made different legal arguments, the Court of Appeals would have reached a different result. We conclude the files and records affirmatively show that the Court of Appeals correctly resolved the legal issue, so no legal argument posited by appellate counsel could have resulted in a different outcome. The district court properly concluded that Robertson is not entitled to an evidentiary

---

[7] *Id.*

[8] *Id.*

[9] See *id.*

hearing on this issue, because the files and records affirmatively show the claim is without merit.

### (b) Motion for Discharge

Prior to trial, Robertson filed a motion for absolute discharge, contending his statutory right to a speedy trial had been violated. The district court denied the motion for discharge, and no appeal was taken.

Later, on direct appeal, Robertson's counsel alleged the district court erred in granting the State's motion to continue just prior to the date trial was scheduled to commence. The Court of Appeals construed this as an attempt by Robertson to argue that the motion for discharge should have been granted. It declined to address the issue on direct appeal, because the denial of the motion for discharge was a final order from which no timely appeal had been taken.

In his postconviction motion, Robertson presents a layered claim of ineffective assistance of counsel. He alleges his appellate counsel was ineffective for failing to assign as error on direct appeal that his trial counsel was ineffective in failing to timely appeal from the denial of the motion to discharge. He alleges this failure prevented the Court of Appeals from considering the issue of whether granting the continuance violated his right to a speedy trial. In its order denying postconviction relief without an evidentiary hearing, the district court found that the record showed the continuance was supported by good cause and concluded that the speedy trial clock was tolled during the time period of the continuance.

[8-11] We agree with the district court that the files and records affirmatively disprove this layered ineffective assistance of counsel claim. According to Neb. Rev. Stat. § 29-1207 (Reissue 2008), every person indicted or informed against for any offense must be brought to trial within 6 months. When a felony is involved, the 6-month speedy trial period commences to run from the date the indictment is returned or the

information is filed.[10] Certain periods of delay, however, are excluded from the speedy trial computation, including the time between the defendant's assertion of pretrial motions and their final disposition and the period of delay resulting from a continuance granted at the request of the prosecuting attorney if the grounds for the continuance fit under the relevant statutory language.[11] To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[12]

Here, the State filed the information on May 19, 2010, so, without any excluded time, Robertson had to be brought to trial by November 19. The record shows Robertson filed a motion for discovery depositions on August 5, and the motion was granted on September 30. This period of 56 days was excludable under § 29-1207(4)(a) as a period of delay resulting from the filing of a pretrial motion by Robertson.

The record also shows the State moved for a continuance on December 10, 2010, which the district court granted; trial was rescheduled for April 11, 2011. This continuance resulted in a delay of 122 days. The period of delay resulting from a continuance granted at the request of the State is excludable if it is granted to allow additional time to prepare a case and "additional time is justified because of the exceptional circumstances of the case."[13] A period of delay can also be excludable if it is not specifically enumerated in the statute but a court finds there is "good cause" for the delay.[14]

The record shows the State asked for the continuance because the original prosecutor was on maternity leave, the

---

[10] See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[11] See § 29-1207(4)(a) and (c).

[12] *Williams, supra* note 10.

[13] § 29-1207(4)(c)(ii).

[14] § 29-1207(4)(f).

case was set for trial with 11 days' notice, and it faced significant practical and logistical issues in assembling relevant evidence. The record further shows the information charged Robertson with eight separate counts, including four counts of attempted murder and four counts of using a deadly weapon to commit a felony. The district court noted that it did not recall ever continuing a trial for good cause on the State's motion, but found the unique circumstances presented amounted to good cause and granted the motion to continue.

[12] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[15] Here, the trial court's finding of good cause for the continuance was not clearly erroneous, so the 122 days related to the continuance was properly excluded from the speedy trial calculation. Adding all the time excluded to November 19, 2010, shows that Robertson had to be brought to trial by May 16, 2011. Because trial occurred on April 11, the files and records affirmatively show Robertson was entitled to no relief on his claim that trial counsel was ineffective in failing to appeal the denial of Robertson's motion for discharge.

### (c) Motion for Mistrial

On direct appeal, Robertson assigned and argued that his trial counsel was ineffective for failing to move for a mistrial after discovering juror misconduct. The Court of Appeals found the record was insufficient to resolve the claim on direct appeal.

[13] In his postconviction brief, Robertson assigns and argues he was entitled to an evidentiary hearing on this issue. But our review of the record demonstrates he did not assert such a claim in his motion for postconviction relief. An appellate court will not consider as an assignment of error

---

[15] *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

a question not presented to the district court for disposition through a defendant's motion for postconviction relief.[16]

In his motion for postconviction relief, Robertson did not allege his trial counsel was ineffective for failing to move for a mistrial. Instead, he alleged his appellate counsel was ineffective for not filing a petition for further review after the Court of Appeals declined to address this issue on direct appeal. The district court considered this claim and found Robertson's postconviction motion failed to allege facts sufficient to show a violation of his constitutional rights.

[14] We agree. An attorney's failure to petition for further review on an issue cannot be grounds for postconviction relief, in that the right to counsel does not extend to discretionary appeals to a state's highest court.[17] Robertson failed to allege facts sufficient to entitle him to an evidentiary hearing on this issue.

## 2. Opportunity to Amend

Robertson assigns that the district court erred in denying his postconviction motion without giving him an opportunity to amend his pleading. The record demonstrates that Robertson did not request leave to amend his postconviction motion at any point prior to the time the district court denied postconviction relief. Robertson acknowledges this, but argues he did not ask leave to amend, because the procedure used by the court was improper and misled him into thinking his motion was sufficiently pled.

Robertson's argument is based on a misreading of the language of § 29-3001(2), which provides:

> Unless the [postconviction] motion and the files and records of the case show . . . that the prisoner is entitled to no relief, the court shall cause notice [of the motion] to

---

[16] *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

[17] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto.

Robertson argues that after he filed his postconviction motion, the district court asked the State to respond. He contends the request for a response led him to believe, based on his reading of § 29-3001(2), that he did not need to amend his pleadings, because the court had determined he was entitled to an evidentiary hearing.

[15] We find this argument lacks merit. Nothing in the postconviction statutes prevents a district court from asking the State to respond to a postconviction motion prior to deciding whether an evidentiary hearing is warranted. This court has approved similar procedures in other cases.[18] In addition, the order issued here specifically informed Robertson that after "the filing of a response by the State, the Court will determine whether a hearing should be scheduled."

The process used by the district court was not improper and did not deny Robertson an opportunity to timely request leave to amend his postconviction motion. This assignment of error is meritless.

## 3. MOTION TO ALTER OR AMEND

After his motion for postconviction relief was denied without an evidentiary hearing, Robertson filed a motion to alter or amend the judgment, which the district court denied. In his motion asking to amend the judgment, Robertson raised essentially the same ineffective assistance of counsel claims he now urges on appeal. For the same reasons discussed above in concluding Robertson's ineffective assistance of counsel claims are meritless, we conclude the district court did not abuse its discretion in denying Robertson's motion to alter or amend the judgment.

---

[18] See, *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007); *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

For the sake of completeness, we observe that within his motion to alter or amend, Robertson also argued he should be given leave to amend his postconviction motion pursuant to Neb. Ct. R. Pldg. § 6-1115(a). Though not formally denominated as a motion to amend, we liberally construe this as a request to amend his postconviction motion after the court had ruled on the motion. And because Robertson complains on appeal that he was not allowed to amend his postconviction motion, we proceed to consider whether the district court erred in that regard.

Robertson sought leave to amend his motion only after the district court had ruled on the postconviction motion, concluding it did not warrant an evidentiary hearing and denying postconviction relief. We have held that an order denying an evidentiary hearing on a postconviction motion is a final, appealable order.[19] So Robertson's motion to alter or amend was not made until after a final order had been entered.

In *State v. Mata*,[20] we considered whether it was an abuse of discretion to deny a request to amend a postconviction action made before the court had ruled on the postconviction motion. In doing so, we stated the prisoner's ability to amend his postconviction motion was "governed by . . . § 6-1115(a)."[21] We then concluded the district court abused its discretion in denying leave to amend, because § 6-1115(a) provides that leave to amend shall be freely given when justice so requires.

[16] While we adhere to our ultimate holding in *Mata* that it was an abuse of discretion to deny the prisoner's request to amend his postconviction motion, we take this opportunity to distinguish *Mata* and clarify that postconviction proceedings are not "governed" by the Nebraska Court Rules of Pleading in Civil Cases.

---

[19] *State v. Banks*, 289 Neb. 600, 856 N.W.2d 305 (2014).

[20] *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010).

[21] *Id.* at 854, 790 N.W.2d at 719.

[17,18] The rules of civil pleading apply to "civil actions."[22] Although a postconviction proceeding is civil in nature,[23] it is not an ordinary civil action in the context of either Neb. Ct. R. Pldg. § 6-1101 or § 25-801.01.[24] Nowhere does the postconviction statute characterize the proceeding as an "action"; rather, the postconviction statute authorizes filing a "verified motion" in the criminal case.[25] In contrast to a civil action, which typically results in a judgment or decree,[26] postconviction relief is a special statutory proceeding that permits collateral attack upon a criminal judgment[27] and results in an order either sustaining or overruling the motion.[28] This collateral proceeding is "cumulative" and "not intended to be concurrent with any other remedy existing in the courts of this state."[29] It normally is invoked only after the prisoner has failed to secure relief through a direct appeal of his or her conviction.[30]

[19,20] Civil actions are controlled by a liberal pleading regime. A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.[31] The party is not required to plead legal theories or cite

---

[22] Neb. Rev. Stat. § 25-801.01 (Reissue 2008).

[23] See § 29-3001(2).

[24] See Neb. Rev. Stat. § 25-101 (Reissue 2008) (abolishing distinction between actions at law and equity actions, and in their place recognizing one form of action, "which shall be called a civil action").

[25] § 29-3001(1).

[26] See Black's Law Dictionary 35 (10th ed. 2014).

[27] See *State v. Smith*, 288 Neb. 797, 800, 851 N.W.2d 665, 668 (2014) ("Nebraska Postconviction Act is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles").

[28] § 29-3002.

[29] § 29-3003.

[30] See *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993).

[31] *Davio v. Nebraska Dept. of Health & Human Servs.*, 280 Neb. 263, 786 N.W.2d 655 (2010).

appropriate statutes so long as the pleading gives fair notice of the claims asserted.[32] The rationale for this liberal notice pleading standard is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.[33] The directive in § 6-1115 that leave of court to amend a party's pleading "shall be freely given when justice so requires" is consistent with the liberal pleading philosophy in civil actions.

But the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings. And grafting the civil pleading rules onto postconviction proceedings is problematic for several reasons.

[21] First, postconviction proceedings have their own pleading requirements,[34] and extending civil pleading rules to postconviction proceedings is unnecessary. According to § 29-3001(1), a prisoner claiming a right to be released due to a constitutional violation may file a verified motion "stating the grounds relied upon and asking the court to vacate or set aside the sentence." The court shall grant a prompt hearing on the motion "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief."[35] And there is a 1-year period of limitation applicable to the filing of a motion for postconviction relief.[36]

Second, the statutory pleading requirements for postconviction motions under § 29-3001 are entirely inconsistent with the pleading rules for civil actions. The manner in which postconviction motions and civil pleadings are filed and served is different,[37] the types of pleadings permitted

---

[32] *Id.*

[33] *Id.*

[34] See *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010).

[35] § 29-3001(2).

[36] See § 29-3001(4).

[37] Compare § 29-3001(4) and Neb. Ct. R. Pldg. § 6-1105 (rev. 2016).

are different,[38] and the particulars of stating claims for relief are different.[39]

Finally, applying rules of civil pleading and procedure to postconviction motions has the practical effect of expanding the scope of a statutory proceeding that the Legislature intended to be limited in scope and summary in nature. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations.[40] As this court stated shortly after the postconviction procedure was adopted, it is "intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence."[41] This court added that "[t]o hold otherwise will be to permit defendants to misuse and abuse a remedy intended to provide relief for those exceptional cases where the rights of a defendant have been ignored or abused."[42] And this court quickly recognized that the postconviction statute was a "comprehensive . . . measure embracing both federal and state constitutional claims. Its procedures were intended to be swift, simple, and easily invoked."[43] This court also quickly rejected postconviction motions pleading "mere conclusions evidently designed to bring the defendant within the scope of [court] decisions . . . without alleging the specific facts which are alleged as violative of the constitutional rights of the defendant."[44]

Because extending civil pleading rules to postconviction proceedings is unwise and unnecessary, we now clarify that

---

[38] Compare § 29-3001(4) and Neb. Ct. R. Pldg. § 6-1107.

[39] Compare § 29-3001(4) and Neb. Ct. R. Pldg. § 6-1108.

[40] *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014).

[41] *State v. Clingerman*, 180 Neb. 344, 351, 142 N.W.2d 765, 770 (1966).

[42] *Id.*

[43] *State v. Losieau*, 180 Neb. 696, 698, 144 N.W.2d 435, 436 (1966).

[44] *State v. Erving*, 180 Neb. 680, 684-85, 144 N.W.2d 424, 428 (1966).

civil pleading rules do not apply to postconviction proceedings, and we expressly disapprove of language in *Mata* suggesting otherwise.

[22] The Court of Appeals addressed a factual situation similar to the one before us in *State v. Manning*.[45] There, a prisoner requested leave to amend his postconviction motion after the court had determined the motion was insufficient to grant a hearing and postconviction relief had been denied. The motion to amend was denied, and the prisoner appealed, claiming the court abused its discretion in not freely granting leave to amend. In contrasting postconviction proceedings from regular civil proceedings, the Court of Appeals observed that postconviction relief under § 29-3001 is a very narrow category of relief, subject to specific statutory pleading requirements. The Court of Appeals correctly observed that Nebraska's postconviction relief statutes do not authorize a prisoner to amend a pleading after the court has determined it is insufficient to warrant an evidentiary hearing. To the contrary, the postconviction statutes provide that when no showing of a constitutional violation is made in the pleading, the request for a hearing should be denied.[46] As such, Nebraska's postconviction relief statutes simply do not contemplate the opportunity to amend a pleading after the court determines the pleading is insufficient to necessitate an evidentiary hearing.

An order denying an evidentiary hearing on a postconviction motion is a final, appealable order,[47] and allowing a prisoner to amend a postconviction motion after a final order has been entered runs contrary to the policy of encouraging finality in litigation and expeditious resolution of claims. Given that Robertson did not request leave to amend his postconviction motion until after the court had denied postconviction relief, the district court did not err in denying leave to amend.

---

[45] *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010).

[46] *Id.*

[47] *State v. Banks*, 289 Neb. 600, 856 N.W.2d 305 (2014).

## 4. FAILURE TO APPOINT COUNSEL

[23] Finally, Robertson assigns that the district court erred in failing to appoint counsel to represent him in his postconviction action. When the assigned errors in a postconviction motion before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.[48] Because we conclude Robertson's motion did not contain justiciable issues of law or fact, we likewise conclude the district court did not abuse its discretion in declining to appoint postconviction counsel.

## V. CONCLUSION

The district court properly denied Robertson's motion for postconviction relief, because the files and records affirmatively show he is not entitled to relief on the claims he asserts. There was no error in the procedure utilized by the district court or in its failure to allow Robertson to amend his pleadings postjudgment. We affirm the district court's denial of postconviction relief without an evidentiary hearing.

AFFIRMED.

---

[48] *Armendariz, supra* note 3.