IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. KALINA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JUSTIN D. KALINA, APPELLANT.


Filed February 19, 2019.    No. A-17-965.


Appeal from the District Court for Pawnee County: JULIE D. SMITH, Judge. Affirmed.

Dylan L. Handley, of Handley Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.


PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

### INTRODUCTION

Justin D. Kalina appeals his plea-based conviction for third degree assault in the district court for Pawnee County. He claims his trial counsel provided ineffective assistance by failing to pursue his motion for discharge based on statutory speedy trial grounds. Based on the reasons that follow, we affirm Kalina's conviction and sentence.

### BACKGROUND

On September 14, 2015, the State filed an information charging Kalina with one count of first degree assault. Kalina pled not guilty to the charge and the district court set the matter for trial on December 7.

On December 4, 2015, Kalina's attorney filed a motion to continue the "hearing" scheduled for December 7. Kalina asked the court to set the hearing for 30 days. The district court granted the continuance on December 7, and ordered that the "hearing" was continued to February 1, 2016.

On February 1, 2016, the court granted a motion for a continuance filed by Kalina and set the case for a March 7 pretrial hearing.

On March 7, 2016, at the pretrial conference, Kalina requested a continuance of the "jury trial" and presented an oral motion to take depositions. The district court granted Kalina's motion to take depositions and scheduled a jury trial for August 10.

For a reason unapparent in the record before us, trial did not take place on August 10, 2016. On September 6, the State filed a motion to continue the trial because depositions had not been completed as requested by Kalina. The district court granted the continuance on September 7 and rescheduled the trial for October 12.

On October 12, 2016, the State filed a second motion to continue the trial date. The State specified in the motion that the parties had tentatively scheduled depositions for December 2. The district court granted the continuance and rescheduled the trial to November 16. Trial did not take place on November 16 and again, there is no indication in the record before us as to why trial did not occur.

At a status hearing on January 13, 2017, the State advised the district court that depositions had been completed and requested that a plea hearing be set. A plea hearing was set for February 3.

On February 3, 2017, at the scheduled plea hearing, Kalina rejected a plea offer made by the State and trial was scheduled for February 21.

On February 6, 2017, Kalina filed a "Motion to Grant Discharge" based on statutory and constitutional speedy trial grounds. The district court set a hearing on the motion for discharge for March 6. At the March 6 hearing, instead of pursuing his motion for discharge, Kalina agreed to plead no contest to third degree assault. After the required plea colloquy, the district court accepted Kalina's no contest plea and found him guilty of third degree assault. The district court sentenced Kalina to 0 to 1 year's imprisonment and ordered that he serve the sentence consecutive to another sentence he was serving at the time.

## ASSIGNMENT OF ERROR

Kalina assigns that his trial counsel was ineffective by failing to pursue the motion for discharge on statutory speedy trial grounds.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

Kalina assigns that his trial counsel was ineffective for failing to pursue the motion for discharge on speedy trial grounds, instead of advising him to plead no contest to third degree assault.

Kalina's trial counsel was different from counsel he has representing him on direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

To prevail on a claim based on counsel's ineffective assistance, the defendant must show, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that counsel's performance was deficient. In other words, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A court may address deficient performance and prejudice in either order. *Id.*

When a defendant alleges he or she was prejudiced by trial counsel's failure to properly assert the defendant's speedy trial rights on appeal, the court must consider the merits of the defendant's speedy trial rights under *Strickland*. *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016). Only if the motion should have resulted in the defendant's absolute discharge, thus barring a subsequent trial and conviction, could the failure to make a motion for discharge be deemed prejudicial. *Id.*

Kalina argues that his trial counsel was ineffective in failing to pursue the motion for discharge on speedy trial grounds. To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

The State filed the information on September 14, 2015, and therefore, had until March 14, 2016, absent any excludable periods, to bring Kalina to trial. It appears there were excludable periods in the speedy trial calculation, but the record before us in insufficient to calculate those time periods.

A trial date was initially scheduled for December 7, 2015. Kalina filed a motion to continue the December 7 "hearing" date. The court granted the motion and scheduled a "hearing" for February 1, 2016. It seems that the "hearing" being referenced was the trial date, but we do not know that for certain. Further, on February 1, the court granted a continuance filed by Kalina and continued the case to March 7 for a "pretrial hearing." If the February 1 "hearing" date was a trial date, it is unclear why on February 1 the district court scheduled a pretrial hearing for March 7,

rather than a trial date. In addition, on March 7, Kalina requested a continuance of the "jury trial" and the court scheduled trial for August 10. Trial did not take place on August 10 and there is nothing in the record to indicate why trial did not occur on that date.

The next action taken in the case, based on the record before us, was a motion to continue trial filed on September 6. We do not know what happened between the scheduled August 10 trial date and September 6. Trial was set for October 12 and on that date, another motion to continue was filed by the State and trial was scheduled for November 16. Again, trial did not take place, with no indication in the record as to why. A status hearing took place on January 13, 2017. We do not know what took place between November 16, 2016, and January 13, 2017.

Upon our review, we determine that the record on direct appeal is insufficient to review Kalina's ineffective assistance of trial counsel claim but that Kalina alleged his claim with enough particularity to preserve the claim for postconviction review. See *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Without a complete record, we are unable to calculate with certainty the excludable time periods for the speedy trial calculation and therefore, unable to determine if the motion for discharge would have been granted based on speedy trial grounds. Accordingly, the record in insufficient to show that Kalina was prejudiced by the failure to pursue the motion for discharge.

### CONCLUSION

We conclude that the record on direct appeal is insufficient to review whether trial counsel was ineffective in failing to pursue the motion for discharge, but that Kalina alleged his claim with enough particularity to preserve the claim for postconviction review.

AFFIRMED.