IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHABRE N. JOHNSON, APPELLANT.

Filed May 18, 2021.    No. A-20-747.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Chabre N. Johnson, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

PIRTLE, Chief Judge.

## I. INTRODUCTION

Chabre N. Johnson appeals from the order of the district court for Sarpy County which denied his motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

## II. BACKGROUND

### 1. PLEA AND SENTENCING

On October 26, 2018, Johnson pleaded guilty to one count of first degree sexual assault. The factual basis offered by the State indicated that Johnson's 12-year-old daughter reported to police that Johnson had sexually assaulted her. The district court accepted Johnson's guilty plea, finding beyond a reasonable doubt that Johnson was competent, that the State's factual basis supported the plea, and that Johnson's plea was entered into knowingly, intelligently, and

- 1 -

voluntarily. The court then ordered a presentence investigation report (PSR) be completed and scheduled sentencing.

The district court sentenced Johnson to 40 to 50 years of incarceration and gave him 383 days of credit for time served.

## 2. DIRECT APPEAL

On direct appeal, Johnson was represented by different counsel than he had been at the trial stage. Johnson's sole assignment of error on direct appeal was that the district court had abused its discretion in imposing an excessive sentence. This court summarily affirmed the district court's judgment and sentence on August 12, 2019, and the Nebraska Supreme Court denied Johnson's petition for further review. This court issued its mandate on October 4, 2019.

## 3. POSTCONVICTION PROCEEDINGS

On July 6, 2020, Johnson filed a pro se verified motion for postconviction relief in the district court for Sarpy County. Restated and consolidated, Johnson alleged that (1) the district court considered "invalid aggravating factors" and the record did not support Johnson's sentence, (2) the prosecutor committed prosecutorial misconduct during argument at the sentencing hearing, (3) the certified transcript of the sentencing hearing was incomplete and contained "errors of substantial significance" and Johnson had been improperly denied access to the full audio recordings of the hearing, (4) the district court committed judicial misconduct, (5) Johnson's Eighth and Ninth Amendment rights were violated by the summary affirmance of his conviction and sentence on direct appeal, (6) Johnson received ineffective assistance of trial counsel, and (7) he received ineffective assistance of appellate counsel.

On July 28, 2020, Johnson filed a motion for leave to amend his motion for postconviction relief. Attached to his motion for leave to amend, Johnson submitted an "amended verified motion for post-conviction relief." The following day, on July 29, the State filed its response to Johnson's original postconviction motion.

The district court issued a written opinion and order on September 15, 2020. The order found that Johnson had "failed in his burden to articulate facts which would show he is entitled to relief" and that "[i]nstead, his claims are merely conclusory with no supporting facts." The court found that although Johnson cited to constitutional amendments in his postconviction motion, he "did not allege constitutional violations." With respect to Johnson's claim of ineffective assistance of trial counsel, the district court found that it was procedurally barred. The court further found that although Johnson's layered claims of ineffective assistance of appellate counsel were not procedurally barred, they nevertheless failed. For these reasons, the court held that Johnson's postconviction motion did not warrant an evidentiary hearing. The district court additionally held that Johnson's motion for leave to file an amended postconviction motion was "denied as moot."

Johnson now timely appeals the order of the district court.

## III. ASSIGNMENTS OF ERROR

Restated and consolidated, Johnson assigns that the district court erred in (1) denying his motion for leave to file an amended motion for postconviction relief, (2) refusing to grant him

access to audio recordings of his sentencing hearing, and (3) denying his motion for postconviction relief without an evidentiary hearing.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *Id.*

An appellate court reviews a refusal to grant leave to amend for an abuse of discretion. *State v. Edwards*, 294 Neb 1, 880 N.W.2d 642 (2016). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## V. ANALYSIS

### 1. DENIAL OF MOTION TO AMEND

Johnson first assigns that the district court abused its discretion in denying his motion for leave to file an amended motion for postconviction relief. He argues that his motion, which had a proposed amended motion for postconviction relief attached, was timely filed before the State's response was due. He further argues that he was unfairly held to a professional standard of legal competence in spite of his status as a pro se litigant. Johnson claims that the combination of these facts resulted in a violation of his constitutional due process rights.

In his brief, Johnson relies on Neb. Ct. R. Pldg. § 6-1115(a), which states that a party may amend "the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served." Otherwise, § 6-1115(a) states that leave to amend shall be "freely given when justice so requires." Johnson argues that because his motion for leave to amend was filed prior to the State's response, the proposed amended postconviction motion should have automatically superseded the original filing.

However, Johnson's reliance on § 6-1115(a) is misplaced. In *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), the Supreme Court disavowed prior precedent which had held that Nebraska postconviction proceedings are "governed" by the Nebraska Court Rules of Pleading in Civil Cases. The Supreme Court clarified that although a postconviction proceeding is civil in nature, it is not an ordinary civil action in the context of either Neb. Ct. R. Pldg. § 6-1101 or Neb. Rev. Stat. § 28-801.01 (Reissue 2008). The court in *Robertson* went on to state:

> Nowhere does the postconviction statute characterize the proceeding as an "action"; rather, the postconviction statute authorizes filing a "verified motion" in the criminal case. In contrast to a civil action, which typically results in a judgment or decree, postconviction relief is a special statutory proceeding that permits a collateral attack upon a criminal judgment and results in an order either sustaining or overruling the motion. This collateral proceeding is "cumulative" and "not intended to be concurrent with any other remedy

existing in the courts of this state." It normally is invoked only after the prisoner has failed to secure relief through a direct appeal of his or her conviction.

Civil actions are controlled by a liberal pleading regime. A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. . . . The rationale for this liberal notice pleading standard is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. The directive in § 6-1115 that leave of court to amend a party's pleading "shall be freely given when justice so requires" is consistent with the liberal pleading philosophy in civil actions.

But the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings.

*State v. Robertson*, 294 Neb. at 41-42, 881 N.W.2d at 875.

The Supreme Court noted in *State v. Robertson, supra*, that postconviction is a very narrow category of relief which is intended to provide relief in those cases where miscarriage of justice may have occurred, but not to be a procedure to obtain a routine review for any defendant dissatisfied with his sentence. *Id.* Further, postconviction procedures were intended to be swift, simple, and easily invoked. *Id.* "Because extending civil pleading rules to postconviction proceedings is unwise and unnecessary, we now clarify that civil pleading rules do not apply to postconviction proceedings, and we expressly disapprove of language in [*State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010),] suggesting otherwise." *State v. Robertson*, 294 Neb. at 43-44, 881 N.W.2d at 876. In addition, the Supreme Court has held that when a district court refuses to grant leave to amend an original postconviction motion, an appellate court reviews that decision for an abuse of discretion. *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016).

In its order denying Johnson's motion for postconviction relief, the district court also denied Johnson's motion for leave to amend as "moot."

The record shows that Johnson's proposed amended motion for postconviction relief merely restated the same claims found in his original postconviction motion. As we discuss below, all but one of Johnson's postconviction claims are procedurally barred; amending the motion to expand upon these claims would not have altered the ultimate outcome. Additionally, with respect to the sole claim that is not procedurally barred, ineffective assistance of appellate counsel, Johnson's proposed amended motion does not allege anything more specific than "[appellate counsel] made many mistakes that can be presented asevidence [sic] for the record sent into the court." Consideration of this conclusory allegation would not have altered the district court's analysis of this claim.

On the record before us, we determine that the district court did not abuse its discretion in denying Johnson's motion for leave to file an amended motion for postconviction relief. It is clear that the district court's decision was not untenable, nor did it deny Johnson of a just result or a substantial right. This argument fails.

2. DENIAL OF ACCESS TO LEGAL MATERIALS

Johnson next assigns that the district court erred in denying his rights to access all legal materials in his case. Specifically, Johnson claims that at the sentencing hearing, there was a

colloquy between the prosecutor and the district court which was not included in the bill of exceptions certified by the court reporter. According to Johnson's brief, the district court asked the prosecutor how many times Johnson had sexually assaulted the victim, to which the prosecutor responded, "150 times." Brief for appellant at 19. Johnson claims that this exchange amounted to prosecutorial misconduct and that his trial counsel was ineffective when he failed to object to the State's response to the court's question. Johnson further alleges that pursuant to Neb. Ct. R. § 6-1405, he is entitled to an audio recording of the proceeding.

Rule 6-1405 states that "[a]ll proceedings in county court shall be recorded" and that "any person may request a copy of the audio record of a court proceeding." However, this rule does not apply to proceedings in the district court and, therefore, does not apply to Johnson's case.

In addition, Johnson has not been prejudiced by the alleged failure of the district court to provide him with the full audio transcriptions of the sentencing hearing. The fact that Johnson had sexually assaulted the victim approximately 150 times was contained within the PSR, which the court reviewed prior to the sentencing hearing. Even if the alleged colloquy between the prosecutor and the court did occur, the prosecutor was merely repeating information that was already in the record. Moreover, evidence of the prosecutor's comment would not be relevant to the only one of Johnson's postconviction claims that is not procedurally barred (addressed below). This argument fails.

### 3. DENIAL OF POSTCONVICTION RELIEF

Finally, Johnson assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 (Reissue 2016), provides:

> (1) A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence.
>
> (2) Unless the motion and files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney [and] grant a prompt hearing thereon . . . .

In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021).

As we discuss below, we determine that the district court properly denied Johnson's postconviction motion without granting an evidentiary hearing.

### (a) Procedurally Barred Claims

The district court found that all but one of Johnson's postconviction claims were procedurally barred. The district court made these findings with respect to Johnson's claims of

judicial misconduct, sentencing errors, prosecutorial misconduct, and ineffective assistance of trial counsel.

In determining whether a motion for postconviction relief contains factual allegations that, if proved, constitute an infringement of the movant's constitutional rights and whether the records and files affirmatively show the defendant is entitled to no relief, we consider whether the allegations are procedurally barred. *State v. Stelly, supra.* A motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated on direct appeal or which were known to the defendant and counsel at the time of the trial and which were capable of being raised, but were not raised, in the defendant's direct appeal. *Id.*

Because any alleged errors with respect to Johnson's sentence, judicial and prosecutorial misconduct, and ineffective assistance of trial counsel could have been raised on direct appeal, they are procedurally barred. The district court did not err in denying these claims without an evidentiary hearing. This argument fails.

(b) Ineffective Assistance of Appellate Counsel

The sole argument contained within Johnson's postconviction motion that is not procedurally barred is his allegation that he received ineffective assistance of appellate counsel. Because postconviction proceedings are the first time a criminal defendant may litigate the subject of his or her appellate counsel's performance, it is an appropriate subject for postconviction review. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020) (claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review).

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell, supra.* See, also, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *State v. Parnell, supra.* Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise a claim, there is a reasonable probability that the outcome would have been different. *Id.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *Id.*

In his motion for postconviction relief, the entirety of Johnson's allegation that his appellate counsel was ineffective reads as follows:

"Ineffective Assistance of Counsel" on the part of [appellate counsel], by violating [counsel's] "Professional Code of Conduct" in numerous ways causing "Judicial Misrepresentation" of [Johnson] through "Incompetence", § 3-501.1, "Diligence", § 3-501.3, "Communication", § 3-501.4, ending in more "Undue Prejudice", "Summary Affirmance" of the Direct Appeal and Denial of Petition for Further Review.

In its order denying an evidentiary hearing on this claim, the district court stated:

[W]hile postconviction relief is the appropriate time to bring ineffective assistance of appellate counsel claims, [Johnson's] allegations must fail as he does not articulate facts

which show how counsel's performance was deficient and how it prejudiced his case. Other than citing to general rules, [Johnson] neglects to articulate how counsel violated those rules.

We agree with the district court that Johnson's allegations on this issue did not meet the standard of specificity required by *Strickland v. Washington, supra*. Johnson's motion for postconviction relief merely cited to various sections of the Nebraska Rules of Professional Conduct, which he alleged were broken by his appellate counsel. However, Johnson's motion did not specifically articulate what aspect of his appellate counsel's conduct he was alleging to be deficient, nor how Johnson was ultimately prejudiced as a result of that conduct. Neither did Johnson's postconviction motion specify any claims of ineffective assistance of trial counsel which his appellate counsel failed to raise on direct appeal.

Nebraska law is clear than an evidentiary hearing on a motion for postconviction relief is not required when the motion alleges only conclusions of facts or law without supporting facts. See *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). Johnson's allegations that his appellate counsel was ineffective are conclusory and are not supported by specific facts which would sustain a finding of either deficient performance or prejudice under *Strickland*. The district court did not err in denying an evidentiary hearing on this claim. This argument fails.

## VI. CONCLUSION

The decision of the district court denying Johnson's motion for postconviction relief without an evidentiary hearing is affirmed.

AFFIRMED.