IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALLEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE V. NEBRASKA, APPELLEE,

V.

DALE L. ALLEN, APPELLANT.

Filed December 10, 2024.    Nos. A-24-008, A-24-009.

Appeals from the District Court for Platte County: JAMES C. STECKER, Judge. Affirmed.

Dale L. Allen, pro se.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

The district court for Platte County denied Dale L. Allen's motion to alter or amend his motion for postconviction relief. It then denied his motion for postconviction relief without an evidentiary hearing. Allen appeals both orders. For the reasons that follow, we affirm.

## BACKGROUND

On January 8, 2021, Allen's 7-year-old daughter informed her teacher that Allen sexually abused her. In a subsequent forensic interview, she described how Allen vaginally and orally penetrated her on numerous occasions.

On February 24, 2021, Allen was charged with first degree sexual assault of a child and incest. On June 21, due to his actions toward the juvenile's mother, Allen was charged in a separate case with witness tampering. Because both cases centered around the same facts, the State moved

- 1 -

to join the two cases for trial. Allen was appointed two attorneys, Joel E. Carlson and Douglas J. Stratton.

A plea agreement was ultimately reached, and a plea hearing was held on September 30, 2021. Allen pled no contest to attempted first degree sexual assault of a child and witness tampering, both Class II felonies. At the plea hearing, the following colloquy occurred:

The Court: Do you understand the terms of the written plea agreement?

[Allen]: Yes, sir.

The Court: Does the written plea agreement . . . accurately represent the terms of the plea agreement as you understand those terms having been reached in each case?

[Allen]: Okay. Yes.

The Court: Are there any other terms or conditions of the plea agreement that you believe exist that are not set forth in the written version?

[Allen]: No.

Allen also stated that he had not received any promises as to what his sentences would be, that he had a full and complete opportunity to review the cases with his attorneys, that he did not need additional time to speak with his attorneys, that he and his attorneys fully discussed any and all defenses that might be available to him, and that he was satisfied with the legal services he received. The court then convicted Allen of the two charges.

The day after the plea hearing, Allen filed an "inmate kite" voicing displeasure with his attorneys and requested a meeting with the judge. On October 6, 2021, Allen filed a motion for bond review. A hearing on Allen's motion was held on October 22. At this hearing, Allen indicated that he did not want to pursue the concerns he raised in the inmate kite and withdrew his complaints. The court later denied Allen's motion for bond review.

On November 1, 2021, Allen filed a motion to withdraw his plea. In this motion he asserted that he did not voluntarily enter into the plea agreement. On the same date, his attorneys filed motions to withdraw as counsel. They essentially stated that Allen's motion to withdraw his plea could require them to testify as witnesses so they could no longer serve as his counsel. The court eventually granted the attorneys' motions to withdraw and appointed John J. Kohl as Allen's new attorney. Allen later withdrew his motion to withdraw his plea.

A sentencing hearing was held on September 27, 2022. The court sentenced Allen to 20 to 30 years' imprisonment for the attempted first degree sexual assault of a child conviction and 2 to 4 years' imprisonment for the witness tampering conviction. The court ordered these sentences to run consecutively. Allen was also placed on the Nebraska Sex Offender Registry for life.

On October 26, 2022, with Kohl as counsel, Allen filed a notice of appeal. In this direct appeal, his lone assignment of error asserted that the district court abused its discretion by imposing excessive sentences. We granted the State's motion for summary affirmance on March 27, 2023.

On September 21, 2023, Allen filed identical motions for postconviction relief in both of his criminal cases which were consolidated. In this two-page motion, Allen alleged (1) that after he accepted the plea deal, it was changed without his consent or knowledge; (2) Kohl did not appeal what he was instructed to on direct appeal; (3) Kohl did not challenge the State's brief; (4) Kohl withdrew after defaming him, lying to the appellate court, and violating attorney client privilege; (5) Kohl promised him he would get a lesser sentence if he did not withdraw his plea;

and (6) Kohl failed to protect his rights by (a) not communicating the new plea deal to him; (b) not securing an expert witness; (c) not calling other witnesses to testify; and (d) not giving him his case file after it was requested.

However, Allen's motion for postconviction relief did not elaborate on what was changed in the plea deal without his knowledge, what other assignments of error he wanted Kohl to raise on direct appeal, what grounds Kohl should have challenged the State's brief, and how Kohl defamed him, lied to the appellate court, and violated attorney client privilege. Further, he provided no details as to what expert should have been retained, what they would have said, and what other witnesses should have testified. Nevertheless, Allen generally asserted that he would not have accepted the plea deal if these errors had not occurred.

Allen later clarified in a subsequent hearing that the changes to the plea deal he referenced concerned his lifetime registration on the Nebraska Sex Offender Registry. He stated that each of his attorneys told him that he was subject to a 25-year registration period, but he ultimately received a lifetime registration. He asserted that because he was unaware of this possibility when he accepted the plea agreement, his plea was not voluntary.

On October 23, 2023, Allen filed a motion to alter or amend his motion for postconviction relief. In this motion, Allen alleged that he "reviewed his pleading and believe[d] he ha[d] additional information and allegations which [were] ger[mane] to the case, which he wishe[d] to bring forth in an amendment to the pleading." He did not provide any further details and did not attach a copy of the proposed amendments.

On November 22, 2023, a hearing was held to determine whether an evidentiary hearing was required to address Allen's motion for postconviction relief. At this hearing, Allen requested judgment on his motion to alter or amend. After the court asked what amendments he would make, Allen generally articulated that he wanted to make the motion more professional and include additional allegations. However, when asked what additional allegations he wanted to include, Allen brought up the plea deal being changed without his knowledge and Kohl not calling any of his witnesses. The only new information concerned his intent to challenge the court's jurisdiction based on a theory that the alleged crimes occurred while he was already in jail and a challenge to the forensic interview of the juvenile's family. However, Allen did not specify which crimes he was referring to or explain the basis for challenging the interview. The court ultimately denied his motion to alter or amend.

On December 1, 2023, the district court denied Allen's request for postconviction relief without an evidentiary hearing. The court determined the record either refuted Allen's allegations or that Allen's allegations were insufficiently specific to warrant an evidentiary hearing. Allen now appeals.

ASSIGNMENTS OF ERROR

Restated, Allen assigns the district court abused its discretion by denying his motion to alter or amend his motion for postconviction relief and by determining he failed to allege sufficient facts in his motion for postconviction relief.

- 3 -

STANDARD OF REVIEW

Appellate courts review the trial court's decision to deny a movant an opportunity to amend his motion for postconviction relief for an abuse of discretion. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights as to render the judgment void or voidable and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Boeggeman*, 316 Neb. 581, 5 N.W.3d 735 (2024).

Alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by an appellate court. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022).

ANALYSIS

*Motion to Alter or Amend.*

Allen first assigns that the district court erred in denying his motion to alter or amend his motion for postconviction relief. He generally argues that he provided a justifiable reason to amend his motion, amending his motion would not have caused undue delay, and amending his motion would not have prejudiced the State because it had not yet filed a responsive pleading.

In *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), the Nebraska Supreme Court stated that postconviction relief is a very narrow category of relief and intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. In this determination, the court reasoned that the liberal pleading regime in effect for civil actions are inapplicable to postconviction proceedings. See *id.* As such, the court determined that parties in postconviction proceedings do not have the same privileges to amend their pleadings as parties in civil actions. See *id.*

We determine the court did not abuse its discretion in denying Allen's motion to alter or amend his motion for postconviction relief because his proposed amendments were either already included in his motion for postconviction relief or were insufficiently specific. Although not contained in his motion, Allen mentioned at a later hearing that he wanted to supplement his motion for postconviction relief with allegations that his plea deal was changed without his knowledge and that Kohl failed to call any witnesses to testify. However, both allegations were already included in his original postconviction motion.

Allen then indicated he wanted to challenge the court's jurisdiction and the interview of the juvenile's family. However, he failed to provide any specific information related to these claims. And more so, he did not offer any explanation as to why these claims were not raised on direct appeal. It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). Notably, without any further details clarifying Allen's challenges to the court's jurisdiction and the family's interview, we are unable to determine whether those claims were procedurally barred. However, for the same reason, we

determine that his amendments would be futile because his allegations were not supported by sufficient facts.

We conclude that the district court did not abuse its discretion in denying Allen's motion to alter or amend his motion for postconviction relief because his supplemental claims were already contained in his original motion, lacked the required specificity, or constituted mere conclusions of fact or law.

*Denial of Postconviction Relief Without Evidentiary Hearing.*

Allen next assigns that the district court erred in determining that his motion for postconviction relief did not allege sufficient facts to warrant an evidentiary hearing. However, he provides no substantive argument for this assignment.

In postconviction proceedings, the appellate court does not conduct a sua sponte review. See *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). As with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. *Id.* The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *Id.*

Allen's argument for this assignment is only half a page long. In this half page, he lists the allegations that the district court determined were unsupported by sufficient facts, states that he believes they were supported by sufficient facts, and requests that we "review the records and find the district court erred in its determination." Brief for appellant at 12. However, he offers no additional details to clarify his allegations and fails to explain how they were sufficiently supported. Without such elaboration, we refuse to consider this assignment on appeal.

CONCLUSION

We determine the district court did not abuse its discretion in denying Allen's motion to alter or amend his motion for postconviction relief. And because he failed to provide any substantive argument, we do not consider his assignment of error concerning the court's denial of his motion for postconviction relief without an evidentiary hearing for failing to allege sufficient facts.

AFFIRMED.